IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ERIK CURRAN,**

    **Plaintiff,**

v.                              CIVIL ACTION NO.: 2:07-0354
                                (Judge John T. Copenhaver)

**AMAZON.COM, INC., a Delaware
corporation; GETTY IMAGES, INC.,
a Delaware corporation; ST. MARTIN'S
PRESS, LLC, SIDESHOW INC., d/b/a
SIDESHOW COLLECTIBLES, a
Delaware corporation; HOT TOYS LTD.,
a business entity incorporated in Hong
Kong; and CAFÉ PRESS.COM, INC., a
Delaware corporation,**

    **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

       COMES NOW, Amazon.com, Inc., by its counsel, David Allen Barnette and W. Scott Evans of Jackson Kelly PLLC and respectfully requests that this Court dismiss the Complaint of Erik Curran against Amazon.com for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). The Complaint of Curran does not set forth a claim recognized either under West Virginia or federal law against Amazon.com.

       Amazon.com operates retail websites and offers programs that enable third parties to sell products on its websites. One of its earliest and most successful activities has been the sale of non-fiction and fiction books via the Internet.

The Complaint filed by Curran makes the following allegations against Amazon.com. In Paragraph 2 it identifies Amazon.com as a corporation organized and existing in the State of Delaware. In Paragraph 8 it states that:

> "In April of 2007, Amazon.com, Inc. began selling a novel titled <u>'Killer Elite'</u>. This novel is published by St. Martin's Press, LLC. The cover of this novel displays a photograph of Erik Curran."

Paragraph 10 of this Complaint states that Amazon.com, among others, has appropriated Mr. Curran's image, likeness, and photograph without his consent to aide in selling and marketing the subject book. Amazon.com is not mentioned at any other point in the Curran Complaint. However, the Complaint is for invasion of right of publicity (Count One) and invasion of right of privacy (Count Two).

It appears that the sole factual Complaint by Curran against Amazon.com is that it sells a non-fiction book published by St. Martin's Press, which contains a cover depicting Mr. Curran, among other things. No allegation is made that Amazon published the book, took the picture, created the cover art, or has done anything other than sell a non-fiction book produced by another company. In *Almedia v. Amazon.com, Inc.*, 456 F.3rd, 1316 (11 Cir. July 18, 2006), the United States Court of Appeals for the 11th Circuit when presented with a claim filed by an individual whose picture was on the cover of a book displayed by Amazon.com concluded:

> Rather we find as a matter of business practice, Amazon's use of book cover images closely simulates a customer's experience browsing book covers in a traditional book store.
>
> * * *
>
> ... we discern no set of facts by which an Internet retailer such as Amazon, which functions as an Internet equivalent of a traditional book seller, would be liable for displaying content that is incidental to book sales, such as providing customers with access to a book's

cover image and a publisher's description of the book's content. *Almedia* at p. 1326.

In *Crump v. Beckley Newspapers, Inc.*, 173 W.Va. 699, 320 S.E.2d 70 (1983), the Supreme Court of Appeals of West Virginia dealt with a case involving the use of a picture of a woman miner unrelated to the subject matter of the story, which featured harassment of women miners. In *Crump*, the cause of action was against the Beckley newspaper and was not an action against the individual sellers of the Beckley newspaper. In the instant case, Amazon.com is a technologically-advanced version of the corner newspaper stand. The display of a newspaper with an alleged offending picture at the corner newspaper stand gives rise to no more liability than the display of the alleged offending book cover on Amazon.com. *Crump* outlines the requirements for a claim of invasion of privacy and a right of publicity. No allegation set forth in the Curran Complaint states a cause of action against Amazon.com consistent with the teachings of *Crump*. The *Crump* Court has adopted the *Gertz* standard enunciated in *Gertz v. Robert Welch*, 418 U.S. 323 (1974). This is a test of negligence on behalf of the media defendant. However, *Crump* does note that in matters of public interest, plaintiffs may recover only upon proof of knowledge of falsity or reckless disregard for the truth. *Crump* at 70.

The United States Supreme Court in *Time, Inc. v. Hill*, 385 U.S. 374 (1967) held that when matters of public interest are involved, the New York Times "actual malice standard" is applicable in invasion of privacy actions.

Section 652E of the Restatement (Second) of Torts (1977) provides that a false light invasion of privacy occurs if "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in a reckless disregard as to the falsity of the publicized matter and the false light in which the other would be

placed." No such allegation of reckless disregard or actual malice is made against Amazon.com, whose role in this matter is limited to that of a book seller. Even assuming the lesser *Gertz* standard and disregarding that the *Killer Elite* is a non-fiction work by a scholarly author, which deals with a legitimate matter of public interest, no negligence on the part of Amazon.com has been pled.[1] This suit against a bookseller is simply without support and does not state a claim upon which relief can be granted.

With respect to the claim for invasion of the right of publicity, this cause of action fails as a matter of law in that the plaintiff has not claimed to have developed an image through the investing his time, money or effort that would entitle him to assert such a cause of action. Specifically, our Supreme Court in *Crump* did discuss the right of publicity, and noted the following:

> This "right of privacy" is not to be confused with the "right of publicity" first recognized in *Haelen Laboratories, Inc. v. Topps Chewing Gum, Inc.*, 202 F.2d 866 (2d Cir. 1953), which remedies the unjust enrichment caused by an unauthorized exploitation of the good will and reputation that a public figure develops in his name or likeness through the investment of time, money and effort.

*Crump* at 86. Herein there is no "exploitation of the goodwill and reputation" of the Plaintiff" nor has the Plaintiff otherwise developed a public image that would entitle him to any legal remedy such as would be available to a celebrity that has developed a valuable commercial image by the investment of time, money and effort. Therefore, plaintiff's claim based upon the alleged right of publicity is without legal merit and should be dismissed.

---

[1] The *Crump* Court specifically recognized that an absolute defense to a claim of invasion of privacy is that the communication concerns matters of "legitimate public concern." *Crump* at 85. Given the subject-matter of the book at issue clearly involves a matter of "legitimate public concern", this invasion of privacy claim fails as a matter of law and should be dismissed.

Wherefore, Amazon.com respectfully requests that the Motion to Dismiss be granted and that attorney's fees and costs be recovered for the vexatious, wanton and oppressive assertion of a claim against Amazon.com. See, *The Daily Gazette Company v. Canady, Judge*, 322 S.E.2d 262 (W.Va. 1985) and *Preiser v. McQueen*, 352 S.E.2d 22 (W.Va. 1985).

Respectfully submitted,

AMAZON.COM, INC.

By Counsel

s/David Allen Barnette
DAVID ALLEN BARNETTE (WVSB 242)
W. SCOTT EVANS (WVSB 5850)
JACKSON KELLY PLLC
P. O. Box 553
Charleston, WV 25322
(304) 340-1327