**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

FILED

JUN - 1 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**ERIK CURRAN,**

    **Plaintiff,**

v.

**CIVIL ACTION NO.: 2:07-0354
(On Removal from the Circuit Court of
Kanawha County; Civil Action No.: 07-C-856)**

**AMAZON.COM, INC., a
Delaware corporation; GETTY
IMAGES, INC., a Delaware
corporation; ST. MARTIN'S
PRESS, LLC, SIDESHOW INC.,
d/b/a SIDESHOW COLLECTIBLES,
a Delaware corporation; HOT TOYS,
LTD., a business entity incorporated
in Hong Kong; and CAFE PRESS.COM,
INC., a Delaware corporation,**

    **Defendants.**

<u>**NOTICE OF REMOVAL**</u>

To:     Cathy Gatson, Clerk
        Kanawha County Circuit Court
        111 Court Street
        Charleston, WV 25301

        Marvin W. Masters, Esquire (WVBN: 2359)
        Charles M. Love, IV, Esquire (WVBN: 7477)
        The Masters Law Firm lc
        181 Summers Street
        Charleston, WV 25301

        *Counsel for Plaintiff*

C1206385.1

Dockets.Justia.com

To the Judges of the United States District Court for the Southern District of West Virginia:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441, Defendants St. Martin's Press, LLC and Amazon.Com, Inc. ("Defendants"), by counsel, remove this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia on the following grounds:

1.     On May 3, 2007, Defendants St. Martin's Press, LLC, Amazon.Com, Inc., Getty Images, Inc., Sideshow Inc., d/b/a Sideshow Collectibles and Cafe Press.Com, Inc. were served by service on the Secretary of State of West Virginia with a copy of a Summons and Complaint in an action commenced in the Circuit Court of Kanawha County, West Virginia, entitled *Erik Curran, Plaintiff, v. Amazon.Com, Inc., a Delaware corporation; Getty Images, Inc., a Delaware corporation; St. Martin's Press, LLC, a New York corporation; Sideshow Inc., d/b/a Sideshow Collectibles, a Delaware corporation; Hot Toys, Ltd., a business entity incorporated in Hong Kong; and Cafe Press.Com, Inc., a Delaware corporation, Defendants,* Civil Action No. 07-C-856. A copy of the Legal Notice, Summons, and Complaint served on Defendant St. Martin's Press, LLC is attached to this Notice as Exhibits A through C. A copy of the Legal Notice, Summons, and Complaint served on Defendant Amazon.Com, Inc. is attached to this Notice as Exhibits D through F. As of the filing of this Notice of Removal, defendant Hot Toys, Ltd. a business entity alleged to be incorporated in Hong Kong, has not been served. A copy of the court record is attached as

Exhibit G, and a certified copy of the Kanawha County Circuit Court docket sheet is attached as Exhibit H. No further proceedings have occurred in the case.

       2.     This is a civil action of which this Court has original jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is diversity of citizenship between Plaintiff and Defendants. Therefore, the action may be removed to this Court under 28 U.S.C. § 1441:

       a.     Plaintiff is a citizen and resident of the State of West Virginia. (*See* Complaint, ¶ 1.)

       b.     Defendant St. Martin's Press, LLC is a New York limited liability company. (*See* Complaint, ¶ 4.) Its sole member is Holzbrinck Publishers Holdings, LLC, a New York LLC. None of Holzbrinck's members reside in West Virginia. (*See* Affidavit of Paul Sleven attached hereto as Exhibit I.) Thus, for purposes of diversity jurisdiction, Defendant St. Martin's Press does not reside in West Virginia.

       c.     Defendant Amazon.Com, Inc. is a Delaware corporation , with its principal place of business in the State of Washington (*See* Complaint, ¶ 2). Thus, for purposes of diversity jurisdiction, Defendant Amazon.Com, Inc. is a citizen of Delaware and Washington.

       d.     Defendant Getty Images, Inc. is a Delaware corporation , with its principal place of business in the State of Washington (*See* Complaint, ¶ 3). Thus, for purposes of diversity jurisdiction, Defendant Getty Images, Inc. is a citizen of Delaware and Washington.

e.      Defendant Sideshow, Inc. is a Delaware corporation , with its principal place of business in the State of California (*See* Complaint ¶ 5). Thus, for purposes of diversity jurisdiction, Defendant Sideshow, Inc. is a citizen of Delaware and California.

f.      Defendant Hot Toys Ltd. is alleged to be a business entity incorporated in Hong Kong (*See* Complaint ¶ 6), and, therefore, would appear to have a principal place of business in Hong Kong.  Thus, for purposes of diversity jurisdiction, Defendant Hot Toys Ltd. is a citizen of Hong Kong.

g.      Defendant CafePress.Com, Inc. is a Delaware corporation , with its principal place of business in the State of California (*See* Complaint ¶ 7).  Thus, for purposes of diversity jurisdiction, Defendant CafePress.Com, Inc. resides in Delaware and California.

h.      Plaintiff appears to claim, in Count I of the Complaint, that each of the defendants have invaded his right to publicity and have "misappropriated Mr. Curran's likeness, image and photograph without his consent for each defendants promotion of a product and for each defendants intended financial gain." (*See* Complaint ¶ 16.)  In Count II of the Complaint, plaintiff appears to further assert that Defendants violated his right to privacy by "unreasonable intrusion upon his seclusion"; "misappropriat[ing] Erik Curran's likeness for their financial gain"; "creat[ing] publicity that unreasonable [*sic*] placed Erik Curran in a false light before the public"; and otherwise took for "their own use and benefit Mr. Curran's image, likeness and photograph to sell their products to the public for intended profit." (*See* ¶ 19-22.)  Plaintiff seeks compensatory damages for the "harm to his reputation

C1206385.1                                                   4

and private interest, emotional distress and financial loss", punitive damages, pre-judgment interest, post-judgment interest, attorney fees, and costs. (*See* Complaint ¶ 24.)

        i.      Punitive damages are properly included in a calculation of the amount in controversy.[1] *See Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983). Indeed, the amount in controversy requirement is typically met where punitive damages are alleged. According to this Court, a request for punitive damages inevitably inflates a plaintiff's potential recovery. Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *See Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556-57 (S.D.W.Va. 2000) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000 was at stake; *Hutchens v. Progressive*, 211 F. Supp. 2d 788, 790-91 (S.D.W.Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff signed an affidavit stating that he would not seek more than $74,500.)

        j.      Thus, under the circumstances of this case, wherein the plaintiff raises a multitude of claims and seeks a variety of compensatory and punitive damages, there is no question that the amount in controversy exceeds $75,000.

---

[1] While punitive damages may be included in determining the amount in controversy for purposes of removal, defendants are not conceding any liability for any damages, punitive or otherwise.

3.     This Notice of Removal is filed within 30 days after receipt by Defendants of a copy of the initial pleading setting forth the claim upon which this action is based.

4.     All defendants that have been served in this matter have signed a Consent to Removal, copies of which are attached hereto and marked as Exhibits J (CafePress,Com), K (Getty Images, Inc.) and L (Sideshow Collectibles, Inc.). Defendant Hot Toys, Ltd. has not yet been served at the time of the filing of this notice, therefore consent for removal is not required of said defendant. *See Hooper v. Albany Intern. Corp.*, 149 F.Supp. 2d 1315 (M.D. Ala. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988).

5.     Promptly after filing of the Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of Kanawha County, and all adverse parties will receive written notice of the filing of the Notice of Removal.

For these reasons, Defendants have removed this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.  No further proceedings in this action may be had in the Circuit Court of Kanawha County, West Virginia.

C1206385.1                                    6

Respectfully submitted,

**ST. MARTIN'S PRESS, LLC and
AMAZON.COM, INC.**

By counsel

DAVID A. BARNETTE, ESQ. (WVSB 242)
W. SCOTT EVANS, ESQ. (WVSB 5850)
JACKSON KELLY PLLC
1600 Laidley Tower
P.O. Box 553
Charleston, WV 25322
*Counsel for Amazon.Com, Inc.
and St. Martin's Press, LLC*
Telephone: (304) 340-1000
Facsimile: (304) 340-1130
E-mail:  dbarnette@jacksonkelly.com
E-mail:  wsevans@jacksonkelly.com

C1206385.1                              7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**ERIK CURRAN,**

      **Plaintiff,**

v.

**AMAZON.COM, INC., a**
**Delaware corporation; GETTY**
**IMAGES, INC., a Delaware**
**corporation; ST. MARTIN'S**
**PRESS, LLC, SIDESHOW INC.,**
**d/b/a SIDESHOW COLLECTIBLES,**
**a Delaware corporation; HOT TOYS,**
**LTD., a business entity incorporated**
**in Hong Kong; and CAFE PRESS.COM,**
**INC., a Delaware corporation,**

      **Defendants.**

**CIVIL ACTION NO.:**_____
**(On Removal from the Circuit Court of**
**Kanawha County; Civil Action No.: 07-C-856)**

### CERTIFICATE OF SERVICE

    I, David A. Barnette, counsel for Defendant, St. Martin's Press, LLC and Amazon.com, Inc., do hereby certify that on June 1, 2007, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, which will send notice to the following CM/ECF participants:

        Marvin W. Masters, Esquire (WVBN: 2359)
        Charles M. Love, IV, Esquire (WVBN: 7477)
        The Masters Law Firm lc
        181 Summers Street
        Charleston, WV  25301
        *Counsel for Plaintiff*
        Telephone:  (304) 342-3106
        Facsimile:  (304) 342-3189
        E-mail:  mwm@themasterslawfirm.com
        E-mail:  cml@themasterslawfirm.com

John H. Tinney, Esquire (WVBN: 3766)
John H. Tinney, Jr., Esquire (WVBN: 6970)
707 Virginia Street, East, 14th Floor
Post Office Box 3752
Charleston, WV 25337-3752
*Counsel for Cafe Press. Com*
Telephone: (304) 720-3310
Facsimile: (304) 720-3315
E-mail: Johntinney@tinneylawfirm.com
E-mail: Jacktinney@tinneylawfirm.com

Andrew B. Cooke, Esquire (WVBN: 6564)
Elizabeth Liles Taylor, Esquire (WVBN: 10270)
Flaherty, Sensabaugh & Bonasso, PLLC
200 Capitol Street
Post Office Box 3843
Charleston, WV 25338-3843
*Counsel for Getty Images, Inc.*
Telephone: (304) 345-0200
Facsimile: (304) 345-0260
E-mail: andyc@fsblaw.com
E-mail: etaylor@fsblaw.com

I have mailed a true and exact copy thereof in the United States mail, postage prepaid, to the following non-CM/ECF participants:

Cathy Gatson, Clerk
Kanawha County Circuit Court
111 Court Street
Charleston, WV 25301

Karen Robson, Esquire
Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
*Counsel for Sideshow, Inc.*

DAVID A. BARNETTE, ESQ. (WVSB 242)
W. SCOTT EVANS, ESQ. (WVSB 5850)
JACKSON KELLY PLLC
1600 Laidley Tower
P.O. Box 553
Charleston, WV 25322
*Counsel for Amazon.Com, Inc.*
*and St. Martin's Press, LLC*
Telephone: (304) 340-1000
Facsimile: (304) 340-1130
E-mail: dbarnette@jacksonkelly.com
E-mail: wsevans@jacksonkelly.com

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

St. Martin's Press, LLC
Attn: General Counsel
175 Fifth Avenue
New York, NY 10010

May 3, 2007

Civil Action: 07-C-856

I am enclosing:

| | |
|---|---|
| ____ summons | ____ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | ____ certified return receipt |
| ____ subpoena duces tecum | ____ request for production |
| __1__ summons and complaint | ____ request for admissions |
| ____ summons returned from post office | ____ no return from post office |
| ____ summons and amended complaint | ____ notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

**DEFENDANT'S EXHIBIT**

A

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ERIK CURRAN

      Plaintiff,

    v.

Civil Action No. 07-C- 856
(Honorable _____ Bloom _____ )

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC, . . . . . . . . . . . . .
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

St. Martin's Press, LLC
Attn: General Counsel
175 Fifth Avenue
New York, New York 10010

      Defendants.

To the above-named Defendant: ST. MARTIN'S PRESS, LLC

      IN THE NAME OF THE STATE OF WEST VIRGINA, you are hereby Summoned and required to serve upon, Marvin W. Masters and Charles M. Love, IV, plaintiff's attorneys, whose address is 181 Summers Street, Charleston, West Virginia, an answer including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.   You are required to serve your answer to the Complaint within thirty (30) days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

DEFENDANT'S
EXHIBIT
B

and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: May 1, 2007

By: _____
Clerk of Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ERIK CURRAN

     Plaintiff,

v.

                                       Civil Action No. 07-C- 854
                                       (Honorable _____Bloom_____)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

     Defendants.

## COMPLAINT

Comes now the Plaintiff, Erik Curran, by and through counsel, and states and

alleges as follows:

### COUNT I
#### (Invasion of Right of Publicity)

1.     Plaintiff, Erik Curran resides in or near the city of Davis, West Virginia.

2.     Defendant Amazon.com, Inc., is a corporation organized in the state of

Delaware.



DEFENDANT'S
EXHIBIT
C

3.    Defendant Getty Images, Inc., is a corporation organized in the state of Delaware.

4.    Defendant St. Martin's Press, LLC is a domestic limited liability company organized in the state of New York.

5.    Defendant Sideshow, Inc., d/b/a Sideshow Collectibles is a corporation organized in the state of Delaware.

6.    Defendant Hot Toys, Ltd. is a business entity incorporated in Hong Kong.

7.    Defendant Cafépress.com, Inc. is a corporation organized in the state of Delaware.

8.    In April of 2007, Amazon.com, Inc. began selling a novel titled "Killer Elite". This novel is published by St. Martin's Press, LLC. The cover of this novel displays a photograph of Erik Curran.

9.    Getty Images, Inc. provided the photograph of Erik Curran to St. Martin's Press, LLC that was used on the cover of Killer Elite.

10.    In its effort to sell the book, Killer Elite, St. Martin's Press, LLC and its joint venture partners, Getty Images, Inc. and Amazon.com, Inc. have appropriated Mr. Curran's image, likeness and photograph without his consent to aid in selling and marketing the subject book.

11.    The Plaintiff also discovered that his photograph was being used as the model for an action figure called "Naval Special Warfare Development Group "Devgru" version 2.0" and to sell other dolls produced by Hot Toys, Ltd.

2

12.    Hot Toys sculpted a doll in Mr. Curran's image to sell for intended profit. This was done without Mr. Curran's consent.

13.    Hot Toys and Sideshow Inc. are engaged in a joint venture for intended profit from the sale of products using the likeness, image and photograph of Erik Curran including the dolls bearing the likeness, image and photograph of Erik Curran.

14.    Cafepress.com, Inc. sells a number of t-shirts which have the image, likeness and photograph of Mr. Curran printed on them. The appropriation of Mr. Curran's photograph, likeness or image used to sell these t-shirts was a misappropriation of his image, likeness and photograph and done so without his consent.

15.    The aforementioned products either are or utilize Mr. Curran's image, likeness and photograph and the values of the products are substantially enhanced by the use of Mr. Curran's image, likeness and photograph.

16.    The defendants and each of them have misappropriated Mr. Curran's likeness, image and photograph without his consent for each defendants promotion of a product and for each defendants' intended financial gain.

17.    As a direct and proximate result of the defendants' intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph, Mr. Curran has been damaged in that the defendants have been unjustly enriched through the sale of products bearing Mr. Curran's image, likeness and photograph.

18.    Mr. Curran has not received any monetary compensation for the commercial and unauthorized use of his image, likeness and photograph in the sale of the aforementioned products by the defendants.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

## COUNT II
### (Invasion of Right of Privacy)

For his second count, the Plaintiff re-alleges each and every allegation of Count I and further complains and says as follows.

19.    The defendants and each of them invaded upon Erik Curran's right of privacy by unreasonable intrusion upon his seclusion.

20.    The defendants and each of them misappropriated Erik Curran's likeness for their financial gain.

21.    The defendants and each of them created publicity that unreasonable placed Erik Curran in a false light before the public.

22.    The defendants and each of them took for their own use and benefit Mr. Curran's image, likeness and photograph to sell their products to the public for intended profit.

23.    The defendants publicly displayed Mr. Curran's image and likeness on store shelves and on the Internet in the marketing of their products.

4

24.     As a direct and proximate result of the defendants' negligence, gross negligence, carelessness, recklessness, and lack of due care, as aforesaid, but not limited to the aforesaid, of the defendants and each of them, the Plaintiff has been caused to suffer harm to his reputation and private interest, emotional distress and financial loss.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

PLAINTIFF DEMANDS A TRIAL BY JURY.


ERIK CURRAN

By Counsel


Marvin W. Masters, Esquire
West Virginia State Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\P001.doc


5

TOTAL P.09

7803901984986765997



## OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA

**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304–558–6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE
## **COPY**

Amazon.Com, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

May 3, 2007

Civil Action: 07-C-856

I am enclosing:

| | | | |
|---|---|---|---|
| ____ | summons | ____ | original |
| ____ | notice | ____ | affidavit |
| ____ | order | ____ | answer |
| ____ | petition | ____ | cross-claim |
| ____ | motion | ____ | counterclaim |
| ____ | interrogatories | ____ | request |
| ____ | suggestions | ____ | certified return receipt |
| ____ | subpoena duces tecum | ____ | request for production |
| 1 | summons and complaint | ____ | request for admissions |
| ____ | summons returned from post office | ____ | no return from post office |
| ____ | summons and amended complaint | ____ | notice of mechanic's lien |
| ____ | 3rd party summons and complaint | ____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

**DEFENDANT'S EXHIBIT**

D

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ERIK CURRAN

       Plaintiff,

v.                               Civil Action No. 07-C- __856__

                               (Honorable ____Bloom____)

AMAZON.COM, INC., . . . . . . . . . . . . The Corporation Trust Company
a Delaware corporation;          Corporation Trust Center
GETTY IMAGES, INC.,            1209 Orange Street
a Delaware corporation;          Wilmington, Delaware  19801
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

       Defendants.

To the above-named Defendant:  AMAZON.COM, INC.

     IN THE NAME OF THE STATE OF WEST VIRGINA, you are hereby Summoned

and required to serve upon, Marvin W. Masters and Charles M. Love, IV, plaintiff's

attorneys, whose address is 181 Summers Street, Charleston, West Virginia, an answer

including any related counterclaim you may have to the Complaint filed against you in

the above styled civil action, a true copy of which is herewith delivered to you.   You

are required to serve your answer to the Complaint within thirty (30) days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so,

judgment by default will be taken against you for the relief demanded in the complaint



**DEFENDANT'S EXHIBIT**

E

and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: May 1, 2007

Cathy _____

Clerk of Court

By: _____

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ERIK CURRAN

       Plaintiff,

v.

                               Civil Action No. 07-C- 856
                               (Honorable _Bloom_ )

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

       Defendants.

## COMPLAINT

    Comes now the Plaintiff, Erik Curran, by and through counsel, and states and

alleges as follows:

## COUNT I
### (Invasion of Right of Publicity)

1.    Plaintiff, Erik Curran resides in or near the city of Davis, West Virginia.

2.    Defendant Amazon.com, Inc., is a corporation organized in the state of

Delaware.



DEFENDANT'S EXHIBIT
F

3.    Defendant Getty Images, Inc., is a corporation organized in the state of Delaware.

4.    Defendant St. Martin's Press, LLC is a domestic limited liability company organized in the state of New York.

5.    Defendant Sideshow, Inc., d/b/a Sideshow Collectibles is a corporation organized in the state of Delaware.

6.    Defendant Hot Toys, Ltd. is a business entity incorporated in Hong Kong.

7.    Defendant Cafépress.com, Inc. is a corporation organized in the state of Delaware.

8.    In April of 2007, Amazon.com, Inc. began selling a novel titled "<u>Killer Elite</u>". This novel is published by St. Martin's Press, LLC.  The cover of this novel displays a photograph of Erik Curran.

9.    Getty Images, Inc. provided the photograph of Erik Curran to St. Martin's Press, LLC that was used on the cover of <u>Killer Elite</u>.

10.    In its effort to sell the book, <u>Killer Elite</u>, St. Martin's Press, LLC and its joint venture partners, Getty Images, Inc. and Amazon.com, Inc. have appropriated Mr. Curran's image, likeness and photograph without his consent to aid in selling and marketing the subject book.

11.    The Plaintiff also discovered that his photograph was being used as the model for an action figure called "Naval Special Warfare Development Group "Devgru" version 2.0" and to sell other dolls produced by Hot Toys, Ltd.

12.     Hot Toys sculpted a doll in Mr. Curran's image to sell for intended profit. This was done without Mr. Curran's consent.

13.     Hot Toys and Sideshow Inc. are engaged in a joint venture for intended profit from the sale of products using the likeness, image and photograph of Erik Curran including the dolls bearing the likeness, image and photograph of Erik Curran.

14.     Cafepress.com, Inc. sells a number of t-shirts which have the image, likeness and photograph of Mr. Curran printed on them. The appropriation of Mr. Curran's photograph, likeness or image used to sell these t-shirts was a misappropriation of his image, likeness and photograph and done so without his consent.

15.     The aforementioned products either are or utilize Mr. Curran's image, likeness and photograph and the values of the products are substantially enhanced by the use of Mr. Curran's image, likeness and photograph.

16.     The defendants and each of them have misappropriated Mr. Curran's likeness, image and photograph without his consent for each defendants promotion of a product and for each defendants' intended financial gain.

17.     As a direct and proximate result of the defendants' intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph, Mr. Curran has been damaged in that the defendants have been unjustly enriched through the sale of products bearing Mr. Curran's image, likeness and photograph.

3

18.    Mr. Curran has not received any monetary compensation for the commercial and unauthorized use of his image, likeness and photograph in the sale of the aforementioned products by the defendants.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

## COUNT II
### (Invasion of Right of Privacy)

For his second count, the Plaintiff re-alleges each and every allegation of Count I and further complains and says as follows.

19.    The defendants and each of them invaded upon Erik Curran's right of privacy by unreasonable intrusion upon his seclusion.

20.    The defendants and each of them misappropriated Erik Curran's likeness for their financial gain.

21.    The defendants and each of them created publicity that unreasonable placed Erik Curran in a false light before the public.

22.    The defendants and each of them took for their own use and benefit Mr. Curran's image, likeness and photograph to sell their products to the public for intended profit.

23.    The defendants publicly displayed Mr. Curran's image and likeness on store shelves and on the Internet in the marketing of their products.

4

24.    As a direct and proximate result of the defendants' negligence, gross negligence, carelessness, recklessness, and lack of due care, as aforesaid, but not limited to the aforesaid, of the defendants and each of them, the Plaintiff has been caused to suffer harm to his reputation and private interest, emotional distress and financial loss.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

PLAINTIFF DEMANDS A TRIAL BY JURY.


                              ERIK CURRAN

                              By Counsel


Marvin W. Masters, Esquire
West Virginia State Bar No.  2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\P001.doc

5

MEMORANDUM TO CLERK
FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of Kanawha County, West Virginia

ERIK CURRAN

2007 MAY -1 PM 3:18

A TRUE COPY
TESTE
CIRCUIT COURT KANAWHA COUNTY, W.VA.

Plaintiff,

CIVIL ACTION NO. 07-C-__856__
Bloom

v.

| | Days to Answer | Type of Service |
|---|---|---|
| AMAZON. COM, INC.<br>Agent:    The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware  19801 | 30 | Secretary of State |
| GETTY IMAGES, INC.<br>Agent:    The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware  19801 | 30 | Secretary of State |
| ST. MARTIN'S PRESS, LLC<br>Address:    St. Martin's Press, LLC<br>Attn:  General Counsel<br>175 Fifth Avenue<br>New York, New York  10010 | 30 | Secretary of State |
| SIDSHOW INC., D/B/A<br>SIDESHOW COLLECTIBLES<br>Agent:    United Corporate Services, Inc.<br>874 Walker Road, Suite C<br>Dover, Delaware  19904 | 30 | Secretary of State |
| HOT TOYS, LTD<br>Address:    Hot Toys Ltd.<br>13th Floor, 579 Nathan Road<br>Mongkok, Kowloon<br>Hong Kong | 30 | Secretary of State |

DEFENDANT'S
EXHIBIT
G



Rcpt # 414320   ✓ $145  ___ $135
Issued Summons + 12 CC    ___ No Summons Issued
✓ Returned to Attorney    ___ $ 10 cm  X ___
___ CC Returned To Atty    ___ $ 5 clk  X ___
___ Mailed CM;  CM/ RM    ___ $ ____ X ___
___ Mailed to S.O.S. w/ck # _____
___ Sent to _____ w/ck # _____

| CAFEPRESS.COM. INC. | 30 | Secretary of State |

Agent:      Corporation Service Company
              2711 Centerville Road, Suite 400
              Wilmington, Delaware  19808

              Defendants.

      Please issue summons in the above styled action as indicated.

      Original and 13 copies of complaint furnished herewith.

Marvin W. Masters
West Virginia State Bar No.  2359
Charles M. Love, IV
West Virginia State Bar No. 7477
The Masters Law Firm lc
Fourth Floor – Peoples Building
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106
Counsel for Plaintiff

Date_____5/1/07_____

PLAINTIFF: ERIK CURRAN   CASE NUMBER: 07-C-856

DEFENDANT: AMAZON.COM, INC., et al.

II.   TYPE OF CASE:

|  TORTS | | OTHER CIVIL |
| --- | --- | --- |
| ( ) Asbestos | ( ) Adoption | ( ) Appeal from Magistrate Court |
| ( ) Professional<br>  Malpractice | ( ) Contract | ( ) Petition for Modification<br>  of Magistrate Sentence |
| ( ) Personal Injury | ( ) Real Property | ( ) Miscellaneous Civil |
| ( ) Product Liability | ( ) Mental Health | ( ) Other |
| (X) Other Tort | ( ) Appeal of Admin.<br>  Agency | |

III.   JURY DEMAND:  (X) Yes   ( ) No
       CASE WILL BE READY FOR TRIAL BY (month/year)  09/08

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
      REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
      ( ) YES       (X) NO
      IF YES, PLEASE SPECIFY:
      ( )    Wheelchair accessible hearing room and other facilities
      ( )    Interpreter or other auxiliary aid for the hearing impaired
      ( )    Reader or other auxiliary aid for the visually impaired
      ( )    Spokesperson or other auxiliary aid for the speech impaired
      ( )    Other:_____

Attorney Name:   Marvin W. Masters
                 West Virginia State Bar No.  2359
                 Charles M. Love, IV
                 West Virginia State Bar No.  7477

                                          Representing:
Firm:   The Masters Law Firm lc           (X) Plaintiff ( ) Defendant
        Fourth Floor - Peoples Building   ( ) Cross-Complainant
        181 Summers Street                ( ) Cross-Defendant
        Charleston, WV  25301
        (304) 342-3106                    Dated:  5/1/07

                                          _Charles M. Love_
                                          (Signature)

( )   Pro Se

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ERIK CURRAN

        Plaintiff,

v.                             Civil Action No. 07-C- 856

                             (Honorable _____ Bloom _____)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

## COMPLAINT

Comes now the Plaintiff, Erik Curran, by and through counsel, and states and

alleges as follows:

### COUNT I
### (Invasion of Right of Publicity)

    1.     Plaintiff, Erik Curran resides in or near the city of Davis, West Virginia.

    2.     Defendant Amazon.com, Inc., is a corporation organized in the state of

Delaware.

3.     Defendant Getty Images, Inc., is a corporation organized in the state of Delaware.

4.     Defendant St. Martin's Press, LLC is a domestic limited liability company organized in the state of New York.

5.     Defendant Sideshow, Inc., d/b/a Sideshow Collectibles is a corporation organized in the state of Delaware.

6.     Defendant Hot Toys, Ltd. is a business entity incorporated in Hong Kong.

7.     Defendant Cafépress.com, Inc. is a corporation organized in the state of Delaware.

8.     In April of 2007, Amazon.com, Inc. began selling a novel titled "Killer Elite". This novel is published by St. Martin's Press, LLC. The cover of this novel displays a photograph of Erik Curran.

9.     Getty Images, Inc. provided the photograph of Erik Curran to St. Martin's Press, LLC that was used on the cover of Killer Elite.

10.     In its effort to sell the book, Killer Elite, St. Martin's Press, LLC and its joint venture partners, Getty Images, Inc. and Amazon.com, Inc. have appropriated Mr. Curran's image, likeness and photograph without his consent to aid in selling and marketing the subject book.

11.     The Plaintiff also discovered that his photograph was being used as the model for an action figure called "Naval Special Warfare Development Group "Devgru" version 2.0" and to sell other dolls produced by Hot Toys, Ltd.

12.    Hot Toys sculpted a doll in Mr. Curran's image to sell for intended profit. This was done without Mr. Curran's consent.

13.    Hot Toys and Sideshow Inc. are engaged in a joint venture for intended profit from the sale of products using the likeness, image and photograph of Erik Curran including the dolls bearing the likeness, image and photograph of Erik Curran.

14.    Cafepress.com, Inc. sells a number of t-shirts which have the image, likeness and photograph of Mr. Curran printed on them. The appropriation of Mr. Curran's photograph, likeness or image used to sell these t-shirts was a misappropriation of his image, likeness and photograph and done so without his consent.

15.    The aforementioned products either are or utilize Mr. Curran's image, likeness and photograph and the values of the products are substantially enhanced by the use of Mr. Curran's image, likeness and photograph.

16.    The defendants and each of them have misappropriated Mr. Curran's likeness, image and photograph without his consent for each defendants promotion of a product and for each defendants' intended financial gain.

17.    As a direct and proximate result of the defendants' intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph, Mr. Curran has been damaged in that the defendants have been unjustly enriched through the sale of products bearing Mr. Curran's image, likeness and photograph.

3

18.    Mr. Curran has not received any monetary compensation for the commercial and unauthorized use of his image, likeness and photograph in the sale of the aforementioned products by the defendants.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

<u>COUNT II</u>
(Invasion of Right of Privacy)

For his second count, the Plaintiff re-alleges each and every allegation of Count I and further complains and says as follows.

19.    The defendants and each of them invaded upon Erik Curran's right of privacy by unreasonable intrusion upon his seclusion.

20.    The defendants and each of them misappropriated Erik Curran's likeness for their financial gain.

21.    The defendants and each of them created publicity that unreasonable placed Erik Curran in a false light before the public.

22.    The defendants and each of them took for their own use and benefit Mr. Curran's image, likeness and photograph to sell their products to the public for intended profit.

23.    The defendants publicly displayed Mr. Curran's image and likeness on store shelves and on the Internet in the marketing of their products.

4

24.    As a direct and proximate result of the defendants' negligence, gross negligence, carelessness, recklessness, and lack of due care, as aforesaid, but not limited to the aforesaid, of the defendants and each of them, the Plaintiff has been caused to suffer harm to his reputation and private interest, emotional distress and financial loss.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

PLAINTIFF DEMANDS A TRIAL BY JURY.


ERIK CURRAN

By Counsel


Marvin W. Masters, Esquire
West Virginia State Bar No.  2359
Charles M. Love, IV, Esquire
West Virginia State Bar No.  7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\P001.doc

A TRUE COPY
[signature]
TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

ERIK CURRAN          KANAWHA

CASE 07-C-856

vs. AMAZON.COM, INC.,

LINE  DATE      ACTION

1  05/01/07  # ISSUED SUM & 12 CPYS; F FEE; RCPT 414320; $145.00; CASE INFO
2           ## SHEET; COMPLAINT



DEFENDANT'S
EXHIBIT

H

## AFFIDAVIT OF PAUL SLEVEN

STATE OF _New York_

COUNTY OF _New York_, to wit:

Before me, the undersigned authority, this day personally appeared Paul Sleven, who after being duly sworn on his oath deposes and says:

1.     My name is Paul Sleven and I have personal knowledge of the matters outlined in this Affidavit.

2.     I am currently employed as General Counsel for St. Martin's Press, LLC.  As such, I am familiar with its legal structure.

3.     St. Martin's Press, LLC is a New York limited liability company.  Its sole member is Holzbrinck Publishers Holdings, LLC, a New York limited liability company. None of Holzbrinck's members, or members thereof, are residents of West Virginia.

AND FURTHER THIS AFFIANT SAYETH NAUGHT.

_____
PAUL SLEVEN

Taken, subscribed and sworn to before me this _31st_ day of _May_, 2007.

My commission expires:_____

RENEE L. LaTOUCHE
Notary Public, State of New York
No. 41-4862966
Qualified in Nassau County
Commission Expires _8/11/_ _____

_____
Notary Public

{C1208204.1}



DEFENDANT'S
EXHIBIT
I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

ERIK CURRAN,

      Plaintiff,

**v.**

AMAZON.COM, INC., a
Delaware corporation; GETTY
IMAGES, INC., a Delaware
corporation; ST. MARTIN'S
PRESS, LLC, SIDESHOW INC.,
d/b/a SIDESHOW COLLECTIBLES,
a Delaware corporation; HOT TOYS,
LTD., a business entity incorporated
in Hong Kong; and CAFE PRESS.COM,
INC., a Delaware corporation,

      Defendants.

**CIVIL ACTION NO.:** _____
(On Removal from the Circuit Court of
Kanawha County; Civil Action No.: 07-C-856)

## <u>CONSENT TO REMOVAL</u>

Defendant Cafe Press.Com, Inc. hereby consents to the removal of the above-referenced action to the United States District Court for the Southern District of West Virginia.

      CAFE PRESS.COM, INC.

      By: The Tinney Law Firm, PLLC

John H. Tinney (WV Bar #3766)
John H. Tinney, Jr. (WV Bar #6970)
707 Virginia Street, East, 14th Floor  (Zip 25320)
P. O. Box 3752
Charleston, WV 25337-3752
Telephone: (304) 720-3310
Telecopier: (304) 720-3315



DEFENDANT'S
EXHIBIT
J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

ERIK CURAN,

Plaintiff,

v.

AMAZON.COM, INC., a
Action No.: 07-C-856)
Delaware corporation; GETTY
IMAGES, INC., a Delaware
corporation; ST. MARTIN'S
PRESS, LLC, SIDESHOW INC.,
d/b/a SIDESHOW COLLECTIBLES,
a Delaware corporation; HOT TOYS,
LTD., a business entity incorporated
in Hong Kong; and CAFE PRESS.COM,
INC., a Delaware corporation,

Defendants.

CIVIL ACTION NO.: _____
(On Removal from the Circuit Court of
Kanawha County; Civil Action No.: 07-C-

## CONSENT TO REMOVAL

Defendant Getty Images, Inc. hereby consents to the removal of the above-referenced action to the United States District Court for the Southern District of West Virginia.

GETTY IMAGES, INC.

By Counsel



DEFENDANT'S
EXHIBIT
K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**ERIK CURRAN,**

      **Plaintiff,**

v.

**AMAZON.COM, INC., a**
**Delaware corporation; GETTY**
**IMAGES, INC., a Delaware**
**corporation; ST. MARTIN'S**
**PRESS, LLC, SIDESHOW INC.,**
**d/b/a SIDESHOW COLLECTIBLES,**
**a Delaware corporation; HOT TOYS,**
**LTD., a business entity incorporated**
**in Hong Kong; and CAFE PRESS.COM,**
**INC., a Delaware corporation,**

      **Defendants.**

**CIVIL ACTION NO.:_____**
**(On Removal from the Circuit Court of**
**Kanawha County; Civil Action No.: 07-C-856)**

**CONSENT TO REMOVAL**

      Sideshow, Inc., an entity which was served but is not the named defendant

hereby consents to the removal of the above-referenced action to the United States

District Court for the Southern District of West Virginia.

                        SIDESHOW, INC.

                    By: _____
                            Ramin Niami
                            President

