## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

ERIC CURRAN,

        Plaintiff,

v.

AMAZON.COM, INC., a Delaware
corporation; GETTY IMAGES, INC., a
Delaware corporation; ST. MARTIN'S
PRESS, LLC, SIDESHOW INC., d/b/a
SIDESHOW COLLECTIBLES, a
Delaware corporation; HOT TOYS,
LTD., a business entity incorporated in
Hong Kong; and CAFEPRESS.COM,
INC., a Delaware corporation,

        Defendants.

CIVIL ACTION NO. 2:07-0354

(on Removal from the Circuit Court of
Kanawha County; Civil Action No.: 07-
C-856)

## CAFEPRESS.COM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF
## CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM

### I.    INTRODUCTION

Plaintiff Eric Curran ("Plaintiff") filed this action against six defendants, including

CafePress.com, Inc. ("CafePress"), for invasion of the rights of publicity and privacy for

allegedly including Plaintiff's likeness or photograph without his consent on various different

products the defendants offered for sale. Plaintiff specifically alleges that CafePress sold a

number of t-shirts on its Internet website containing Plaintiff's likeness and photograph.

CafePress is a provider of interactive Internet services offering an automated service that

allows individuals and businesses to set up virtual online shops and feature and offer for sale

their products in a virtual online marketplace. CafePress does not itself create the content

displayed on the products created by its users; it provides automated interactive tools available at www.cafepress.com, which allow users to create, buy and sell customized products through online stores and in an online marketplace. Accordingly, CafePress is an interactive computer service that qualifies for the federal immunity granted to such services under Section 230 of the Communications Decency Act ("CDA"). The CDA expressly preempts claims against interactive computer services for material posted by its users, including claims based on both the right of publicity and privacy. Plaintiff's claims against CafePress are expressly preempted by the CDA, and therefore must fail.

Plaintiff's claim for invasion of right of publicity fails for the additional reason that the right of publicity only extends to public figures. Plaintiff is not, and does not allege that he is, a public figure.

For the reasons set forth above and as further explained below, the Court should dismiss Plaintiff's Complaint against CafePress with prejudice.

## II.    RELEVANT FACTUAL BACKGROUND AND ALLEGATIONS

Plaintiff's Complaint alleges two causes of action: invasion of right of publicity and invasion of right of privacy. Both of Plaintiff's claims are based on allegations that the various defendants sold products that "are or utilize Mr. Curran's image, likeness and photograph, and the values of the products are substantially enhanced by the use of Mr. Curran's image, likeness and photograph." Complaint, ¶ 15. Specifically as to CafePress, Plaintiff alleges that "CafePress.com, Inc. sells a number of t-shirts which have the image, likeness and photograph of Mr. Curran printed on them," used "without his consent." Complaint, ¶ 14.

CafePress is a provider of interactive Internet services offering an automated Internet-based service that allows individuals and businesses to set up virtual online shops, create

customized products and feature and offer for sale their products in a virtual online marketplace. The shops created by individuals and businesses and the virtual online marketplace are hosted by CafePress. *See* CafePress Terms of Service, located at ww.cafepress.com/cp/info/help/tos.aspx.[1] CafePress does not itself create the content displayed on the products created by its users; it provides automated interactive Internet-based tools to allow users to create, buy and sell their customized products through online stores and in an online marketplace.

Plaintiff's only allegation about himself is that he "resides in or near the city of Davis, West Virginia." Complaint, ¶ 1. Plaintiff does not allege anywhere in the Complaint that he is a public figure. *See generally*, Complaint.

### III.    LEGAL ARGUMENT

#### A.    Standard Of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted." *Harshbarger v. CSX Transp., Inc.*, 478 F. Supp.2d 890, 892 (S.D.W. Va. 2006).   In reviewing a Rule 12(b)(6) motion to dismiss, the court may consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citations omitted).  A court may also consider matters of public record, *see, e.g., Norfolk Federation of Business Dist. v. H.U.D.,* 932 F. Supp. 730, 736 (E.D. Va. 1996) (holding that matters of public record may be considered without converting a Rule 12(b)(6) motion into a motion for summary judgment), *aff'd,* 103 F.3d 119 (Table), 1996 WL 671293 *1

---

[1] Because CafePress's website, located at www.cafepress.com, is a matter of public record and incorporated by reference into the Complaint, the Court may take its contents into consideration when deciding this motion to dismiss. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering contents of television network's website in ruling on network's motion to dismiss under incorporation by reference doctrine); *see also infra* Section III.A.

(4th Cir. 1996) ("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint."); and, a court may consider documents whose contents are alleged in the complaint, including the contents of public websites. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering contents of television network's website in ruling on network's motion to dismiss under incorporation by reference doctrine). Finally, when construing Plaintiff's complaint for purposes of motion to dismiss pursuant to Rule 12(b)(6), the court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Trimble Navigation*, 484 F.3d at 705.

### B.    Plaintiff Fails To State A Claim Against CafePress Because His Claims Are Preempted By Section 230 of the Communications Decency Act

Plaintiff's claims against CafePress are preempted by the Good Samaritan Exemption of the Telecommunications Act of 1996, otherwise known as the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). Accordingly, Plaintiff's Complaint against CafePress must be dismissed with prejudice.

The CDA insulates providers of interactive computer services[2] such as CafePress from exactly the kind of vicarious liability at issue in this case. The statute provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" and expressly preempts any law to the contrary. *Id.* §§ 230(c)(1), 230(e)(3). The statute provides broad "federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. America Online, Inc.,* 129 F.3d 327, 330 (4th Cir. 1997). Although the CDA's primary purpose was to control the exposure of minors to indecent

---

[2] An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

material over the Internet, *Batzel v. Smith,* 333 F.3d 1018, 1026 (9th Cir. 2003), an important objective was to avoid the chilling effect upon Internet speech that would be occasioned by the imposition of tort liability upon companies that do not create potentially harmful communications but are simply intermediaries for their delivery. *Zeran*, *supra*, 129 F.3d at 330-31 (noting that it would be impossible for interactive computer services (such as CafePress) to monitor all of the third-party content posted to their sites and that, but for the exemption, such services, "[f]aced with potential liability for each message republished" by them, "might choose to severely restrict the number and types of messages posted.").

In this case, Plaintiff's claims against CafePress are based on the alleged sale of t-shirts containing a photograph portraying the Plaintiff. The t-shirts at issue in this case and the alleged image of Plaintiff were created and posted on the www.cafepress.com website by a third-party user of the CafePress service. *See* CafePress Terms of Service, located at www.cafepress.com/cp/info/help/tos.aspx, attached hereto as Exhibit A (describing CafePress's interactive Internet-based service offered at www.cafepress.com, whereby users can upload their content and create products which they can sell through online stores and in a virtual online marketplace).[3] CafePress provides an Internet location where third-party users can post information or content that CafePress republishes. *See id.* As in *Zeran,* the content at issue here was posted by a third-party user of the CafePress service. Therefore, it comes within the scope of section 230(c).

The CDA has been broadly construed to preempt a wide array of claims against interactive computer services such as CafePress, including the very two claims alleged by

---

[3] As discussed above in Section A, the Court can take matters of the public record into account when deciding a motion to dismiss. *See supra* Section III.A. CafePress's website, and specifically CafePress's Terms of Use located there, are matters of public record. Indeed, the description of CafePress's interactive computer service is integral to the Complaint, and the Court should consider it when deciding the instant motion.

Plaintiff in this case – violations of the right of publicity and privacy. In *Perfect 10, Inc. v. CCBill, LLC*, -- F.3d --, 2007 WL 1557475 at *12 & n.5 (9th Cir. May 31, 2007),[4] the Ninth Circuit recently ruled that the CDA preempts right of publicity claims, such as Plaintiff in this case, that are brought against interactive computer services for republication of material posted by a user. The CDA also preempts right of privacy claims premised on the same grounds. *See, e.g., Carafano v. Metrosplash.com*, 339 F.3d 1119, 1122-25 (9th Cir. 2003) (holding that interactive computer service was entitled to statutory immunity from liability in tort, including for alleged invasion of privacy); *Parker v. Google, Inc.*, 422 F. Supp.2d 492, 500 (E.D. Pa. 2006) (same). Accordingly, Plaintiff's claims against CafePress must be dismissed with prejudice.

### C. Plaintiff's Complaint Fails To State A Claim For Invasion of Right Of Publicity Because Plaintiff Does Not Allege That He Is A Public Figure

Count I of Plaintiff's claim fails for the additional reason that Plaintiff does not allege that he is a public figure. The right of publicity "remedies the unjust enrichment caused by an unauthorized exploitation of the goodwill and reputation that ***a public figure*** develops in his name or likeness through the investment of time, money and effort." *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 714 n.6 (1984) (emphasis added). Plaintiff does not allege anywhere in his Complaint (presumably because he cannot) that he is a public figure. Therefore, Plaintiff fails to state a claim for invasion of the right of publicity.

## IV. CONCLUSION

As demonstrated above, because CafePress is entitled to federal immunity under Section 230 of the Communications Decency Act, there are no facts by which Plaintiff could prevail on his claims for invasion of the rights of publicity and privacy. Plaintiff's claims against CafePress

---

[4] This is a reported decision from May 31, 2007, amending and superseding on denial of rehearing the March 29, 2007 reported decision, *Perfect 10, Inc. v. CCBill, LLC*, 481 F.3d 751 (9th Cir. 2007).

for invasion of right of publicity fail for the additional reason that Plaintiff is not, and does not

allege that he is, a public figure. Accordingly, Plaintiff's Complaint against CafePress should be

dismissed with prejudice.

Dated: June 8, 2007                     Respectfully Submitted,

                                        CAFEPRESS.COM, INC.

                                        BY:    THE TINNEY LAW FIRM, PLLC


                                           /s/  John H. Tinney
                                        John H. Tinney (WV Bar # 3766)
                                        James K. Tinney (WV Bar # 9173)
                                        707 Virginia Street, East
                                        Chase Tower, 14th Floor (Zip 25301)
                                        P. O. Box 3752
                                        Charleston, WV, 25337-3752
                                        Tel: (304) 720-3310
                                        Fax: (304) 720-3315
                                        johntinney@tinneylawfirm.com
                                        jimtinney@tinneylawfirm.com

                                                -and-

                                        GREENBERG TRAURIG LLP
                                        Ian C. Ballon , Esquire
                                        Wendy M. Mantell, Esquire
                                        2450 Colorado Avenue, Suite 400E
                                        Santa Monica, CA  90404
                                        Tel:  (310) 586-7700
                                        Fax: (310) 586-7800
                                        ballon@gtlaw.com
                                        mantellw@gtlaw.com