## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**ERIK CURRAN,**

      **Plaintiff,**

**v.**                                    **CIVIL ACTION NO.: 2:07-0354**
                                          **(Judge John T. Copenhaver)**

**AMAZON.COM, INC., a**
**Delaware corporation;**
**GETTY IMAGES, INC.,**
**a Delaware corporation;**
**ST. MARTIN'S PRESS, LLC,**
**A New York corporation;**
**SIDESHOW INC., d/b/a SIDESHOW**
**COLLECTIBLES, a Delaware corporation;**
**HOT TOYS, LTD., a business entity**
**incorporated in Hong Kong; and**
**CAFE PRESS.COM, INC., a Delaware**
**corporation,**

      **Defendants.**

### DEFENDANT GETTY IMAGES, INC.'S
### <u>ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant Getty Images, Inc. ("Getty Images"), through its undersigned counsel, answers

Plaintiff's Complaint as follows:

### <u>First Affirmative Defense</u>

The claims set forth in the Complaint fail to state claims against Getty Images upon

which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to

Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure.

### <u>Second Affirmative Defense</u>

For its responses to the specific allegations set forth in the Complaint, Getty Images

states as follows:

1

Dockets.Justia.com

## COUNT I
(Invasion of Right of Publicity)

1.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies those allegations.

2.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies those allegations.

3.      Getty Images admits the allegations of Paragraph 3 of the Complaint, but denies that it is a proper defendant in this action.

4.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies those allegations.

5.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies those allegations.

6.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies those allegations.

7.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies those allegations.

8.      Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      Getty Images denies the allegations of Paragraph 9.

10.     Getty Images denies the allegations of Paragraph 10.

11.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies those allegations.

12.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies those allegations.

14.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies those allegations.

15.     To the extent the allegations set forth in Paragraph 15 of the Complaint refer to any item or thing containing, bearing or displaying an image licensed by Getty Images, Getty Images denies the allegations of Paragraph 15.  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     Getty Images denies the allegations of Paragraph 16 to the extent those allegations are read or intended to refer to Getty Images.  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     Getty Images denies the allegations of Paragraph 17 to the extent those allegations are read or intended to refer to Getty Images.  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth to the allegations set forth in Paragraph 18 of the Complaint and therefore denies those allegations.

<u>COUNT II</u>
(Invasion of Right of Privacy)

19.     In response to the allegations set forth in Plaintiff's second count, Getty Images realleges, reasserts, and restates each and every of its responses to the allegations set forth in Paragraphs 1 through 18 of the Complaint as though the same were set forth herein verbatim.

20.     Getty Images denies the allegations of Paragraph 19.

21.     Getty Images denies the allegations of Paragraph 20.

22.     Getty Images denies the allegations of Paragraph 21.

23.     Getty Images denies the allegations of Paragraph 22.

24.     Getty Images denies the allegations of Paragraph 23.

25.     Getty Images denies the allegations of Paragraph 24.

### Third Affirmative Defense

The claims against Getty Images set forth in the Complaint are barred because they rest upon conduct protected by the First Amendment to the United States Constitution, as well as comparable protections of the West Virginia Constitution.

### Fourth Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred, in whole or in part, because, on information and belief, Plaintiff consented to photographs by a commercial photographer with knowledge that those photographs would be licensed for published use.

### Fifth Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred, in whole or in part, because any and all conduct of Getty Images alleged in the Complaint was engaged in by Getty Images in good faith reliance on the statements and/or

representations of other individuals or entities, including the photographer who shot the image in question with Plaintiff's knowledge and consent.

### Eighth Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred, in whole or in part, because Plaintiff and third parties, not Getty Images, directly and proximately caused Plaintiff's alleged damages by their negligent, reckless, and/or intentional acts.

### Ninth Affirmative Defense

Getty Images, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the affirmative defense that the claims set forth in the Complaint are barred because the injury or damage, if any, alleged in the Complaint was proximately caused and contributed to by the superseding acts or omissions of individuals or entities for whose conduct Getty Images is not responsible, including Plaintiff himself.

### Tenth Affirmative Defense

Plaintiff's request for punitive damages cannot be sustained because an award of punitive damages in the circumstances in this case would violate Getty Images' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia, and would be improper under the common law, and public policies of the states.

### Eleventh Affirmative Defense

Plaintiff's request for punitive damages cannot be sustained, because the applicable state laws regarding the standards for determining liability for and the amount punitive damages fail to

give Getty Images prior notice of the conduct for which punitive damages may be imposed and

the severity of the penalty that may be imposed and are, therefore, void for vagueness in

violation of Getty Images' due process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and the Constitution of West Virginia.

### Twelfth Affirmative Defense

Plaintiff's request for punitive damages cannot be sustained, because an award of

punitive damages under state law, subject to no predetermined limit, would violate Getty

Images' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution and the Constitution of West Virginia, and would further violate Getty

Images' right not to be subjected to an excessive fine or award in violation of the Eighth

Amendment of the United States Constitution and the Constitution of West Virginia.

### Thirteenth Affirmative Defense

Getty Images specifically denies that Plaintiff is entitled to recover punitive damages.

Completely absent from Complaint is the correct standard (guideposts) for judging the

constitutionality of any punitive damage award.  *See BMW of North America, Inc. v Gore*, 517

U.S. 559, 116 S.Ct. 1589 (1996); *Cooper Industries, Inc. v Leatherman Tool Group, Inc*., 532

U.S. 424, 121 S.Ct. 1678 (2001).

### Fourteenth Affirmative Defense

Getty Images reserves the right to amend its answer to assert or preserve affirmative

defenses that may become available or apparent during discovery.

WHEREFORE, defendant Getty Images demands that the Complaint against it be

dismissed with prejudice; that the Plaintiff have and recover nothing of Getty Images; that Getty

Images be awarded its costs herein expended, including attorney fees and interest; and that Getty

Images be awarded such other further and general relief as the Court may deem proper.

**GETTY IMAGES, INC.**
**By Counsel**

___/s/ Elizabeth L. Taylor_____
Andrew B. Cooke (WV State Bar #6564)
Elizabeth L. Taylor (WV State Bar #10270)
FLAHERTY, SENSABAUGH & BONASSO, P.L.L.C.
Post Office Box 3843
Charleston, West Virginia 25338-3843
(304) 345-0200
(304) 345-0260 (facsimile)
*Counsel for Getty Images, Inc.*


*Of Counsel (Pro Hac Vice Application to be filed for Mr. Rummage):*
Stephen M. Rummage
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 622-3150
(306) 757-7136
*Counsel for Getty Images, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**ERIK CURRAN,**

      **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.: 2:07-0354**
                                        **(Judge John T. Copenhaver)**

**AMAZON.COM, INC., a
Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
A New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation;
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFE PRESS.COM, INC., a Delaware
corporation,**

      **Defendants.**

CERTIFICATE OF SERVICE

    I, Elizabeth Taylor, hereby certify that on the 8th day of June, 2007, the foregoing

**"Defendant Getty Images, Inc.'s Answer to Plaintiff's Complaint"** was filed electronically

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the CM/ECF participants:

| | |
|---|---|
| Marvin W. Masters, Esquire | David A. Barnette, Esquire |
| Charles M. Love, IV, Esquire | W. Scott Evans, Esquire |
| The Masters Law Firm | Jackson Kelly, PLLC |
| 181 Summers Street | P. O. Box 553 |
| Charleston, WV 25301 | Charleston, West Virginia  25322 |
| E-mail:  mwm@themasterslawfirm.com | E-mail:  dbarnette@jacksonkelly.com |
| E-mail:  cml@themasterslawfirm.com | E-mail:  wsevans@jacksonkelly.com |
| *Counsel for Plaintiff* | *Counsel for Amazon.Com, Inc. and* |
| | *St. Martin's Press, LLC* |

John H. Tinney, Esquire
James K. Tinney, Esquire
707 Virginia Street, East
Chase Tower, 14th
P.O. Box 3752
Charleston, WC  25337-3752
E-mail:  Johntinney@tinneylawfirm.com
E-mail:  Jacktinney@tinneylawfirm.com
*Counsel for Cafepress.Com, Inc.*

I have mailed a true and exact copy thereof in the United Stated mail, postage prepaid, to

the following non-CM/ECF participants:

Karen Robson, Esquire
Pryor Cashman, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
*Counsel for Sideshow, Inc.*

_____/s/ Elizabeth L. Taylor_____
Andrew B. Cooke, Esquire (WVSB #6564)
Elizabeth Taylor, Esquire (WVSB #10270)
FLAHERTY, SENSABAUGH & BONASSO,
P.L.L.C.
Post Office Box 3843
Charleston, West Virginia 25338-3843
(304) 345-0200
(304) 345-0260 (facsimile)
E-mail:  acooke@fsblaw.com
E-mail:  etaylor@fsblaw.com
*Counsel for Getty Images, Inc.*