IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK CURRAN

        Plaintiff,

v.                                                       Civil Action No. 2:07-cv-354
                                                        (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC. a California corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

## AMENDED COMPLAINT

Comes now the Plaintiff, Erik Curran, by and through counsel, and states and alleges as follows:

### COUNT I
(Invasion of Right of Publicity)

1.     Plaintiff, Erik Curran resides in or near the city of Davis, West Virginia.

2.     Defendant Amazon.com, Inc., is a corporation organized in the state of Delaware.

3. Defendant Getty Images, Inc., is a corporation organized in the state of Delaware.

4. Defendant St. Martin's Press, LLC is a domestic limited liability company organized in the state of New York.

5. Defendant Sideshow, Inc., is a corporation organized in the state of California..

6. Defendant Hot Toys, Ltd. is a business entity incorporated in Hong Kong.

7. Defendant Cafépress.com, Inc. is a corporation organized in the state of Delaware.

8. In April of 2007, Amazon.com, Inc. began selling a novel titled "<u>Killer Elite</u>". This novel is published by St. Martin's Press, LLC. The cover of this novel displays a photograph of Erik Curran.

9. Getty Images, Inc. provided the photograph of Erik Curran to St. Martin's Press, LLC that was used on the cover of <u>Killer Elite</u>.

10. In its effort to sell the book, <u>Killer Elite</u>, St. Martin's Press, LLC and its joint venture partners, Getty Images, Inc. and Amazon.com, Inc. have appropriated Mr. Curran's image, likeness and photograph without his consent to aid in selling and marketing the subject book.

11. The Plaintiff also discovered that his photograph was being used as the model for an action figure called "Naval Special Warfare Development Group "Devgru" version 2.0" and to sell other dolls produced by Hot Toys, Ltd.

12. Hot Toys sculpted a doll in Mr. Curran's image to sell for intended profit. This was done without Mr. Curran's consent.

13. Hot Toys and Sideshow Inc. are engaged in a joint venture for intended profit from the sale of products using the likeness, image and photograph of Erik Curran including the dolls bearing the likeness, image and photograph of Erik Curran.

14. Cafepress.com, Inc. sells a number of t-shirts which have the image, likeness and photograph of Mr. Curran printed on them. The appropriation of Mr. Curran's photograph, likeness or image used to sell these t-shirts was a misappropriation of his image, likeness and photograph and done so without his consent.

15. The aforementioned products either are or utilize Mr. Curran's image, likeness and photograph and the values of the products are substantially enhanced by the use of Mr. Curran's image, likeness and photograph.

16. The defendants and each of them have misappropriated Mr. Curran's likeness, image and photograph without his consent for each defendants promotion of a product and for each defendants' intended financial gain.

17. As a direct and proximate result of the defendants' intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph, Mr. Curran has been damaged in that the defendants have been unjustly enriched through the sale of products bearing Mr. Curran's image, likeness and photograph.

18. Mr. Curran has not received any monetary compensation for the commercial and unauthorized use of his image, likeness and photograph in the sale of the aforementioned products by the defendants.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

## COUNT II
### (Invasion of Right of Privacy)

For his second count, the Plaintiff re-alleges each and every allegation of Count I and further complains and says as follows.

19. The defendants and each of them invaded upon Erik Curran's right of privacy by unreasonable intrusion upon his seclusion.

20. The defendants and each of them misappropriated Erik Curran's likeness for their financial gain.

21. The defendants and each of them created publicity that unreasonable placed Erik Curran in a false light before the public.

22. The defendants and each of them took for their own use and benefit Mr. Curran's image, likeness and photograph to sell their products to the public for intended profit.

23. The defendants publicly displayed Mr. Curran's image and likeness on store shelves and on the Internet in the marketing of their products.

24. As a direct and proximate result of the defendants' negligence, gross negligence, carelessness, recklessness, and lack of due care, as aforesaid, but not limited to the aforesaid, of the defendants and each of them, the Plaintiff has been caused to suffer harm to his reputation and private interest, emotional distress and financial loss.

Wherefore, the Plaintiff demands judgment of and from all defendants for compensatory damages in excess of the jurisdictional amount, punitive damages, pre-judgment interest, post-judgment interest, attorneys fees, costs and a trial by jury.

PLAINTIFF DEMANDS A TRIAL BY JURY.

ERIK CURRAN

By Counsel

**s/Charles M. Love, IV**
Marvin W. Masters, Esquire
West Virginia State Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\P002.doc