IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK CURRAN

        Plaintiff,

v.                                                           Civil Action No.  2:07-cv-354
                                                          (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT
<u>AMAZON.COM, INC.'S MOTION TO DISMISS</u>

\`     Comes now the plaintiff, by counsel, in response to Amazon.com, Inc.'s  motion to dismiss the plaintiff's complaint.  The complaint sets forth claims recognized by West Virginia law against Amazon.com, Inc. (hereinafter "Amazon") and therefore Amazon's motion should be dismissed.

Amazon brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendants contend that the plaintiff has failed to state a claim

upon which relief can be granted. Amazon is wrong because West Virginia has recognized claims for invasion of the right of publicity and invasion of the right of privacy. No allegation has been made by Amazon that plaintiff has failed to allege a necessary element for the recognized claims. As a result the defendant' review of the complaint and law is deficient and their motion should be denied.

## I. Facts

Erik Curran is and was at all relevant times a soldier in the West Virginia National Guard. At some point a photograph was taken of him while deployed in a combat zone. This photograph has now been used on t-shirts, to create dolls, to sell toys, and on a book jacket to sell a book called "<u>Killer Elite</u>" and other books authored by Michael Smith. Erik Curran's photograph appears on the book jacket, however and it does not appear anywhere in the book. The book jacket was designed by "PTG" not by the author of the book, Michael Smith. <u>See</u> Exhibit 1. Further, the book jacket touts <u>Killer Elite</u> and other books written by Michael Smith, including <u>Emperor's Codes</u>. Mr. Curran and his photograph have nothing to do with the story <u>Killer Elite</u> or <u>Emperor's Codes</u> and as such were not deemed necessary by the author to be included in the book, itself. Interestingly, the author did choose to include photos within the body of the book, but Mr. Curran's photo was not included.

## II. Standard of Review

In the seminal case of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), the United States Supreme Court addressed the standard for reviewing challenges to the sufficiency of a complaint. The Court explained, in part:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper.  **The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice** of what the plaintiff's claim is and the grounds upon which it rests. . . .  **Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues**.  Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis.  **The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**. . . .

Conley, 355 U.S. at 47-48 (emphases added; footnotes and citations omitted).  Accord American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 228-29 & 230 (4th Cir. 2004) ("this court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff . . ."; "`Federal "notice" pleading standards require that the complaint be read liberally in favor of the plaintiff'" (citations omitted)); Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff"; "In light of the standard of review, we traditionally have viewed even poorly drafted complaints in a light most favorable to the plaintiff"); Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) ("Rogers' complaint, to say the least, was inartfully drafted and her attorney compounded that problem by failing to respond to Jefferson-

3

Pilot's rule 12(b)(6) motion for dismissal. In our view, however, a rule 12(b)(6) motion should be granted only in very limited circumstances. The Supreme Court has explained that `[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" (citation omitted)); Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 543 (D.Md. 1997) ("Due to the severe impact of dismissals, the Court will grant Rule 12(b)(6) motions `only in very limited circumstances.' . . . In reviewing the pleadings, the Court must accept all of the plaintiff's well-pleaded allegations as true, and must construe them in the light most favorable to the plaintiff. . . ." (citations omitted)); In re North Carolina Technological Development Authority, Inc., 2007 WL 542405, at *1 (Bkrtcy.M.D.N.C. Feb. 16, 2007) ("`As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief.' . . . The plaintiff's allegations are to be construed `liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading.'" (citations omitted)); Browning v. Vecellio & Grogan, Inc., 945 F. Supp. 930, 931 (W.D.Va. 1996) (same).

  The United States Supreme Court in Conley v. Gibson, 355 U.S. at 45-46, also held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." However, in Bell Atlantic Corp. v. Twombly, ___ U.S. ____, 127 S.Ct. 1955, 1968-69 (May 21, 2007), the Supreme Court recently abrogated that portion of its holding in Conley. Believing that some lower courts and parties were construing such holding of Conley too literally, the Court reasoned:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969 (citations and footnote omitted).

Addressing the proper standard of review, the Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted). See also Barr-Hairston v. U.S., 2007 WL 1574525, at * 1 (W.D.Va. 2007).

### III.    Discussion

The State of West Virginia recognizes invasion of the right of publicity claims and invasion of the right of privacy claims. Crump v. Beckley Newspapers, Inc., 320 SE.2d 70, 85—86 (W.Va. 1984)  Amazon has chosen to frame its motion as a 12(b)(6) motion. In light of the acceptance by West Virginia courts of plaintiff's claims, Amazon's motion should be denied.

The plaintiff will first address the invasion of the right of publicity claim. Amazon feels and claims that plaintiff's claim for invasion of the right of publicity fails as a matter of law because Mr. Curran is not a public figure. Amazon, however, ignores and fails to inform the Court that soldiers have been held to be public figures.

>  Prosser states:[1]
> 
> A public figure has been defined as a person who, by his accomplishments, fame, or mode of living, or by adopting a profession or calling which gives the public a legitimate interest in his doings, his affairs, and his character, has become a 'public personage.'  He is, in other words, a celebrity.  Obviously to be included in this category are those who have achieved some degree of reputation by appearing before the public, as in the case of an actor, a professional baseball player,  a pugilist, or any other entertainer.  The list is, however, broader than this.  **It includes . . . even ordinary soldiers. . .**  It includes, in short, anyone who has arrived at a position where public attention is focused upon him as a person.

---

[1] Prosser's writings are the foundation for the West Virginia Supreme Court holdings in Crump.

6

Prosser and Keeton on Torts, 5th edition, (1984) §117 at 860. See also Continental Optical Co. v. Reed, 86 N>E>2d 306 (Ind. 1949). (The court recognized that a soldier has a legal right to recover where his photo is used to advertise a product or service.)

Tellado v. Time Life Books, Inc., 643 F.Supp 940 (D.N.J. 1986) is a case where a Vietnam veteran brought suit for the defendant's unauthorized use of his picture in advertising a series of books about the Vietnam War. The Tellado court held that a publisher could be inferred to have misappropriated likeness for a predominately commercial purpose, where it had used a photograph of a soldier in Vietnam without payment or release in advertisement for a book series on Vietnam but not in the books themselves.

Here the plaintiff through the time and service he has committed to defending our nation has created goodwill and reputation. It is insulting that Amazon does not recognize this fact and asserts such a defense to avoid compensating Mr. Curran for its financial gain.

In this case Amazon is in a joint venture with St. Martin's Press to sell Killer Elite by using a book jacket featuring Erik Curran for the predominately commercial purpose to advertise this book and another book that contain no reference to Mr. Curran. Mr. Curran never gave his consent to any party that they may use his photo for advertising or any other purpose. The defendant's argument is meritless and its motion should be denied.

The plaintiff now turns to Amazon's feeling that it should be dismissed based on the newsworthiness privilege.[2] The allegations made by the plaintiff are that Amazon was a joint venture partner with St. Martin's Press. (See paragraph 10 of plaintiff's complaint.) The plaintiff also alleges intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph. (See paragraph 17 of plaintiff's complaint.) In this case Amazon makes a conclusory assumption that the use of Mr. Curran's photo is permissible because it is used for public interest purposes rather than advertising. This, however, fails to recognize that the book jacket advertises more than one book and Mr. Curran's image and name are not found within the body of the book.

In this case the law of West Virginia with regard to joint venture liability places Amazon squarely in this case. West Virginia recognizes the doctrine of joint venture and joint enterprise. A joint venture exists when two or more persons or entities carry out a single business enterprise for profit, for which purposes they combine their property, money, effects, skill, and knowledge. Price v. Halstead, 355 S.E.2d 380, 384 (W.Va. 1987). A joint enterprise is distinguished from a joint venture by the fact that there is no business motive underlying the parties' efforts in a joint enterprise. Id. The law applicable to joint ventures and joint enterprises is thus interchangeable, and is used so throughout the cases in this area of law.

---

[2] Amazon's mention of Aleveido v. Amazon, 456 F.2d 1316 (11th Cir. 2006), is not compelling because the opinion is based upon the interpretation of a Florida statute not as issue and inapplicable in this case.

The negligence of one participant in a joint enterprise is imputed to all participants. <u>Alban Tractor Co. v. Sheffield</u>, 263 S.E.2d 67, 68 (Va. 1980). The liability for one engaged in a joint enterprise, for the acts of his associates, is founded on the principles of agency. 46 Am. Jur 2d, <u>Joint Ventures</u>, § 57. In accordance with the general rule that each member of a joint venture acts as both principal and agent of their co-venturers and for their benefit, it is held that each of several joint venturers has power to bind the others and to subject them to liability to third persons for injuries sustained as a result of the negligence of one of the co-venturers. <u>Id.</u> at § 58. Moreover, on principles similar to those by which one joint venturer is bound by the acts of another, knowledge of one co-venturer within the scope of the common enterprise is the knowledge of all. <u>Id.</u> at § 57. Again, unless reasonable minds could not differ, questions of whether a joint venture or enterprise relationships exist is one for the jury.

There is a genuine factual issue, at the very least, that the book jacket is advertising material and that Amazon and St. Martin's Press are joint venture partners.

Amazon accepts that West Virginia recognizes the causes of action asserted by the plaintiff but attempts to convince the court that the plaintiff cannot prevail based on <u>factual</u> conclusions asserted by the defendant. The law requires that all plaintiff's allegations are to be assumed true. The book jacket used to advertise the book <u>Killer Elite</u> and <u>Emperor's Codes</u> is enough to show misappropriation and false light invasion of privacy.

The plaintiff requests that the Court deny Amazon's motion to dismiss and allow discovery to go forward on these issues. The plaintiff requests all other relief the Court deems just and appropriate.

>                                             ERIK CURRAN
>
>                                             By Counsel

**s/Charles M. Love, IV**
Marvin W. Masters, Esquire
West Virginia State Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\B001.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ERIK CURRAN

      Plaintiff,

v.                                                Civil Action No. 2:07-cv-354
                                                (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

      Defendants.

<u>CERTIFICATE OF SERVICE</u>

      I, Charles M. Love, IV, do hereby certify that true and exact copies of "Plaintiff's Response To Defendant Amazon.com, Inc.''s Motion To Dismiss" were served upon:

      John H. Tinney, Esquire
      The Tinney Law Firm, PLLC
      Bank One Center, 14th Floor
      7097 Virginia Street, East
      Charleston, West Virginia 25301
      Counsel for CafePress.com

      David A. Barnette, Esquire
      Jackson & Kelly
      1600 Laidley Tower
      Post Office Box 553
      Charleston, West Virginia 25322
      Counsel for Amazon.com and St. Martin's Press

>Andrew B. Cooke, Esquire
>Elizabeth L. Taylor, Esquire
>Flaherty Sensabaugh & Bonasson
>Post Office Box 3843
>Charleston, West Virginia  25338-3843
>Counsel for Getty Images, Inc.

via electronic filing this 22nd day of June, 2007; and upon:

>Ian C. Ballon, Esquire
>Wendy M. Mantell, Esquire
>GREENBERG TRAURIG
>Suite 400E
>2450 Colorado Avenue
>Santa Monica, California 90404
>Counsel for CafePress.com

>Suyin So, Esquire
>Perry M. Amsellem, Esquire
>Pryor Cashman, LLP
>410 Park Avenue
>New York, New York 10022
>Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles.

>Karen Robson
>Pryor Cashman, LLP
>1801 Century Park East
>Los Angeles, California 90067
>Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles

in envelopes properly addressed, stamped and deposited in the regular course of the

United States Mail this 22nd day of June, 2007

>**s/Charles M. Love, IV**
>Charles M. Love, IV, Esquire
>West Virginia State Bar No. 7477