IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK CURRAN

        Plaintiff,

v.                                                    Civil Action No.  2:07-cv-354
                                                      (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT
CAFEPRESS.COM, INC.'S MOTION TO DISMISS

Comes now the plaintiff, by counsel, in response to CafePress.com, Inc.'s  motion

to dismiss the plaintiff's complaint.  The complaint sets forth claims recognized by West

Virginia  law  against  CafePress.com,  Inc.  (hereinafter  "CafePress")  and  therefore

CafePress' motion should be dismissed.  Alternatively, the plaintiff requests that the

Court not consider CafePress' affirmative defense argument in this 12(b)(6) motion and

allow discovery on this issue as well as all other aspects of the case.

CafePress brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendants contend that the plaintiff has failed to state a claim upon which relief can be granted.  CafePress is wrong because West Virginia has recognized claims for invasion of the right of publicity and invasion of the right of privacy.  The Communications Discovery Act does not apply to vendors and manufacturers of the complained of product and is not an appropriate basis for 12(b)(6) motion because it is an affirmation defense.  No allegation has been made by CafePress that plaintiff has failed to allege a necessary element for the recognized claims.  As a result the defendant's review of the complaint and law is deficient and their motion should be denied.

I.      Facts

Erik Curran is and was at all relevant times a soldier in the West Virginia National Guard.  At some point a photograph was taken of him while deployed in a combat zone.  This photograph has now been used on t-shirts, to create dolls, to sell toys, and on a book jacket to sell a book called "Killer Elite" and other books authored by Michael Smith.  Erik Curran's photograph appears on a number of t-shirts sold by CafePress in conjunction with a joint venture partner, intentionally not disclosed by CafePress.

CafePress earns money from each t-shirt sold which contains Mr. Curran's image.  CafePress sets the base price for each t-shirt containing Mr. Curran's image.  CafePress determines the type of product its joint venture partner may sell whether it

be a t-shirt, coffee mug, or baby bib.  CafePress actually manufactured and printed all t-shirts sold which contain Mr. Curran's image.[1]  See Exhibit 1.

## II.     Standard of Review

In the seminal case of Conley v. Gibson, 355 U.S. 41 (1957), the United States Supreme Court addressed the standard for reviewing challenges to the sufficiency of a complaint.  The Court explained, in part:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper.  **The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice** of what the plaintiff's claim is and the grounds upon which it rests. . . .  **Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues**.  Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis.  **The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**. . . .

Conley, 355 U.S. at 47-48 (emphases added; footnotes and citations omitted).  Accord American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 228-29 & 230 (4th Cir. 2004) ("this court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff . . ."; "'Federal "notice" pleading standards require that the complaint be read liberally in favor of the plaintiff'" (citations omitted));

---

[1] It should be noted that CafePress has refused to disclose who its joint venture partner is in selling Erik Curran t-shirts.  Plaintiff would like to amend his complaint to add "Big Booper Tees" but cannot due to active obstruction by CafePress.  See Exhibit 2.

Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff"; "In light of the standard of review, we traditionally have viewed even poorly drafted complaints in a light most favorable to the plaintiff"); Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) ("Rogers' complaint, to say the least, was inartfully drafted and her attorney compounded that problem by failing to respond to Jefferson-Pilot's rule 12(b)(6) motion for dismissal.  In our view, however, a rule 12(b)(6) motion should be granted only in very limited circumstances.   The Supreme Court has explained that `[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" (citation omitted));  Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 543 (D.Md. 1997) ("Due to the severe impact of dismissals, the Court will grant Rule 12(b)(6) motions `only in very limited circumstances.' . . .  In reviewing the pleadings, the Court must accept all of the plaintiff's well-pleaded allegations as true, and must construe them in the light most favorable to the plaintiff. . . ." (citations omitted)); In re North Carolina Technological Development Authority, Inc., 2007 WL 542405, at *1 (Bkrtcy.M.D.N.C. Feb. 16, 2007) ("`As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief.' . . .   The plaintiff's allegations are to be

construed `liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading.'" (citations omitted)); <u>Browning v. Vecellio & Grogan, Inc.</u>, 945 F. Supp. 930, 931 (W.D.Va. 1996) (same).

The United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. at 45-46, also held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  However, in <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ____, 127 S.Ct. 1955, 1968-69 (May 21, 2007), the Supreme Court recently abrogated that portion of its holding in <u>Conley</u>.  Believing that some lower courts and parties were construing such holding of <u>Conley</u> too literally, the Court reasoned:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  <u>Conley</u>, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1969 (citations and footnote omitted).

Addressing the proper standard of review, the Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>ibid.</u>; <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a

> formulaic recitation of the elements of a cause of action will not do . . . .
> Factual allegations must be enough to raise a right to relief above the
> speculative level, . . . on the assumption that all the allegations in the
> complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v.
> Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);
> Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a
> judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes,
> 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded
> complaint may proceed even if it appears "that a recovery is very remote
> and unlikely").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).

See also Barr-Hairston v. U.S., 2007 WL 1574525, at * 1 (W.D.Va. 2007).

III.   Discussion

The State of West Virginia recognizes invasion of the right of publicity claims and invasion of the right of privacy claims.  Crump v. Beckley Newspapers, Inc., 320 SE.2d 70, 85—86 (W.Va. 1984)  CafePress has chosen to frame its motion as a 12(b)(6) motion. In light of the acceptance by West Virginia courts of plaintiff's claims, CafePress' motion should be denied.

The plaintiff will first address the invasion of the right of publicity claim.  CafePress feels and claims that plaintiff's claim for invasion of the right of publicity fails as a matter of law because Mr. Curran is not a public figure.  CafePress, however, ignores and fails to inform the Court that soldiers have been held to be public figures.

Prosser states:[2]

> A public figure has been defined as a person who, by his
> accomplishments, fame, or mode of living, or by adopting a profession or
> calling which gives the public a legitimate interest in his doings, his

---

[2] Prosser's writings are the foundation for the West Virginia Supreme Court holdings in Crump.

affairs, and his character, has become a 'public personage.'  He is, in other words, a celebrity.  Obviously to be included in this category are those who have achieved some degree of reputation by appearing before the public, as in the case of an actor, a professional baseball player,  a pugilist, or any other entertainer.  The list is, however, broader than this.  **It includes . . .  even ordinary soldiers. . .**  It includes, in short, anyone who has arrived at a position where public attention is focused upon him as a person.

<u>Prosser and Keeton on Torts</u>, 5th edition, (1984) §117 at  860.  <u>See</u> <u>also</u> <u>Continental Optical Co. v. Reed</u>, 86 N.E.2d 306 (Ind. 1949). (The court recognized that a soldier has a legal right to recover where his photo is used to advertise a product or service.)  and <u>Tellado v. Time Life Books, Inc.</u>, 643 F.Supp 940 (D.N.J. 1986)

<u>Tellado</u> is a case  where a Vietnam veteran brought suit for the defendant's unauthorized use of his picture in advertising a series of books about the Vietnam War. The <u>Tellado</u> court held that a publisher could be inferred to have misappropriated likeness for a predominately commercial purpose, where it had used a photograph of a soldier in Vietnam without payment or release in advertisement for a book series on Vietnam but not in the books themselves.  The <u>Tellado</u> case also found a soldier to be a public figure.  <u>Id</u>. at 909.

Here the plaintiff through the time and service he has committed to defending our nation has created goodwill and reputation.  It is insulting that CafePress does not recognize this fact and asserts such a defense to avoid compensating Mr. Curran for its financial gain.

While the plaintiff agrees that the complaint does not specifically state that in this case CafePress is attempting to sell t-shirts featuring Erik Curran for a wholly

commercial purpose.   Mr. Curran is a public figure and not specifically stating that he is a public figure should not defeat Mr. Curran's claim.   It is clear from CafePress' motion that CafePress understands and has notice of the plaintiff's claim.   If the court finds it necessary the plaintiff may amend his complaint to specifically state that he is a public figure.[3] Mr. Curran never gave his consent to any party that they may use his photo for creation of products bearing his likeness or any other purpose.   The defendant's argument is meritless and its motion should be denied.

The plaintiff now turns to CafePress' feeling that it should be dismissed based on the Communications Discovery Act.   The allegations made by the plaintiff are that CafePress is a vendor of t-shirts with Erik Curran's image, likeness and photograph. (See paragraph 14 of plaintiff's complaint.)  The plaintiff also alleges intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph.  (See paragraph 17 of plaintiff's complaint.)  In this case CafePress makes a conclusory assumption that it is immune for liability because it merely provides access to the internet for multiple users.    The immunity argument is the assertion of an affirmative defense which is inappropriate as a basis for a 12(b)(6) because a plaintiff is not required to plead around  an affirmative defense.

Doctor's Associates, Inc. v. QIP Holders, LLC, Slip Copy, 2007 WL 1186026 (D.Conn.)  82 U.S.P.Q.2d 1603 states in dealing with a 12(b)(6) motion premised on immunity under the Communications Discovery Act:

---

[3] The crux of the defendant's motion is not that the complaint did not give appropriate notice of what the claim is but that the defendant does not believe Erik Curran is a public figure.

.  .  . this court finds it cannot decide whether Quiznos is entitled to immunity at this stage of the proceeding.  Because "invocation of Section 230 (c) immunity constitutes an affirmative defense[,a]s the parties are not required to plead around affirmative defenses, such an affirmative defense is generally not fodder for a Rule 12(b)(6) motion"  <u>Novak v. Overture Servs., Inc.</u>, 309 F.Supp.2d 446, 452 (E.D.N.Y. 2004);  <u>see also</u> <u>Doe v. GTE Corp.</u>, 347 F.3d 655, 657 (7th Cir.  2003) ("Affirmative defenses do not justify dismissal under Rule 12(b)(6); litigants need not try to plead around defenses.")  Thus, "Such a defense is generally addressed as Rule 12(c) or Rule 56 motion."  <u>Novak</u>, 309 F.Supp.2d at 452.  Moreover taking the allegations in the Fourth Amended Complaint as true for purposes of this motion, the court cannot, as a matter of law, state that "the plaintiff can prove not set of facts in support of" a finding of **no immunity** under the **CDA**.  <u>Conley</u>, 355 U.S. at 45-46.  Instead. Whether or not Quiznos is an "information content provider" is a question awaiting further discovery.

CafePress also fails to note that it is acting as a manufacturer and joint venture partner in the unauthorized sale of Mr. Curran's image.  CafePress is making money directly from the sale of every t-shirt bearing Mr. Curran's image.[4]

In this case CafePress is in a joint venture with an intentionally undisclosed party for the predominately commercial purpose to manufacture and sell t-shirts and potentially other items with Mr. Curran's image.   Mr. Curran never gave his consent to any party that they may use his photo for creation of t-shirts bearing his image or any other purpose.  The defendant's argument is meritless and its motion should be denied.

 In this case the law of West Virginia with regard to joint venture liability places CafePress squarely in this case.  West Virginia recognizes the doctrine of joint venture and joint enterprise.  A joint venture exists when two or more persons or entities carry

---

[4] All of the cases in CafePress' memorandum of law deal with defamation and not with misappropriation of likeness.  It is also arguable that <u>Perfect 10, Inc. v. CC Bill, LLC</u>,  ___F.3d___ 2007 WL 1557, 475 (9th Cir. May 31, 2007)  does not preempt right of publicity claims.

out a single business enterprise for profit, for which purposes they combine their property, money, effects, skill, and knowledge.  Price v. Halstead, 355 S.E.2d 380, 384 (W.Va. 1987).  A joint enterprise is distinguished from a joint venture by the fact that there is no business motive underlying the parties' efforts in a joint enterprise.  Id. The law applicable to joint ventures and joint enterprises is thus interchangeable, and is used so throughout the cases in this area of law.

The negligence of one participant in a joint enterprise is imputed to all participants.  Alban Tractor Co. v. Sheffield, 263 S.E.2d 67, 68 (Va. 1980).  The liability for one engaged in a joint enterprise, for the acts of his associates, is founded on the principles of agency.  46 Am. Jur 2d, Joint Ventures, § 57.  In accordance with the general rule that each member of a joint venture acts as both principal and agent of their co-venturers and for their benefit, it is held that each of several joint venturers has power to bind the others and to subject them to liability to third persons for injuries sustained as a result of the negligence of one of the co-venturers.  Id. at § 58.  Moreover, on principles similar to those by which one joint venturer is bound by the acts of another, knowledge of one co-venturer within the scope of the common enterprise is the knowledge of all.  Id. at § 57.  Again, unless reasonable minds could not differ, questions of whether a joint venture or enterprise relationships exist is one for the jury.

CafePress is intimately involved in the sale of Mr. Curran's image to such a degree that CafePress is an information contact provider.  If one looks at what CafePress does aside from its internet site, one can also see that claims against CafePress should not be dismissed.

The evidence in Exhibit 1 shows that CafePress is an information contact provider with regard to the sale of the t-shirts at issue.  An information contact provider is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the internet or any other interactive computer service.  47 U.S.C. §203(f)(3).  In this case CafePress is at the very least dictating the price of the t-shirt, printing the t-shirt, taking orders for the t-shirt, and partaking in profits from the sale of every t-shirt sold which bears Mr. Curran's image.

CafePress profits from and prints Mr. Curran's image in the real world not in cyber space.  A manufacturer of products which invade an individual's rights of publicity and privacy has no immunity under the Communications Discovery Act so CafePress does not have immunity merely because it operates a website too.

The plaintiff requests that the Court deny CafePress's motion to dismiss and allow discovery to go forward on these issues.  The plaintiff requests all other relief the Court deems just and appropriate.

ERIK CURRAN

By Counsel

**s/Charles M. Love, IV**

Marvin W. Masters, Esquire

West Virginia  State Bar No.  2359

Charles M. Love, IV, Esquire

West Virginia State Bar No.  7477

The Masters Law Firm lc

181 Summers Street

Charleston, West Virginia  25301

(304) 342-3106

Counsel for Plaintiff

F:\5\725\B002.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ERIK CURRAN

       Plaintiff,

v.                                       Civil Action No.  2:07-cv-354
                                       (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

       Defendants.

CERTIFICATE OF SERVICE

    I, Charles M. Love, IV, do hereby certify that true and exact copies of "Plaintiff's

Response To Defendant CafePress.com, Inc.'s Motion To Dismiss"  were served upon:

                John H. Tinney, Esquire
                The Tinney Law Firm, PLLC
                Bank One Center, 14th Floor
                7097 Virginia Street, East
                Charleston, West Virginia 25301
                Counsel for CafePress.com

                David A. Barnette, Esquire
                Jackson & Kelly
                1600 Laidley Tower
                Post Office Box 553
                Charleston, West Virginia 25322
                Counsel for Amazon.com and St. Martin's Press

Andrew B. Cooke, Esquire
Elizabeth L. Taylor, Esquire
Flaherty Sensabaugh & Bonasson
Post Office Box 3843
Charleston, West Virginia  25338-3843
Counsel for Getty Images, Inc.

via electronic filing this 25th day of June, 2007; and upon:

Ian C. Ballon, Esquire
Wendy M. Mantell, Esquire
GREENBERG TRAURIG
Suite 400E
2450 Colorado Avenue
Santa Monica, California 90404
Counsel for CafePress.com

Suyin  So, Esquire
Perry M. Amsellem, Esquire
Pryor Cashman, LLP
410 Park Avenue
New York, New York 10022
Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles.

Karen  Robson
Pryor Cashman, LLP
1801 Century Park East
Los Angeles, California 90067
Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles

in envelopes properly addressed, stamped and deposited in the regular course of the

United States Mail this 25th day of June, 2007

**s/Charles M. Love, IV**
Charles M. Love, IV, Esquire
West Virginia State Bar No.  7477