IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ERIK CURRAN,**

    **Plaintiff,**

v.                                        CIVIL ACTION NO.: 2:07-0354
                                                      (Judge John T. Copenhaver)

**AMAZON.COM, INC.,** a
Delaware corporation;
**GETTY IMAGES, INC.,**
a Delaware corporation;
**ST. MARTIN'S PRESS, LLC,**
A New York corporation;
**SIDESHOW INC.,** d/b/a **SIDESHOW
COLLECTIBLES,** a Delaware corporation;
**HOT TOYS, LTD.,** a business entity
incorporated in Hong Kong; and
**CAFE PRESS.COM, INC.,** a Delaware
corporation,

    **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT GETTY IMAGES' MOTION TO DISMISS

Getty Images, Inc., submits this Memorandum of Law in support of its Motion to Dismiss the Complaint.

### I. FACTS

According to the Complaint, Getty Images, Inc., provided a photograph of Plaintiff Erik Curran to St. Martin's Press, LLC ("St. Martin's Press"), which St. Martin's Press then used on the cover of its non-fiction book, *Killer Elite*.[1]  *See* Compl. ¶ 9. The book *Killer Elite* examines United States special operations activity since the abortive attempt in 1980 to rescue hostages

---

[1] In fact, Getty Images, Inc., does not engage in the business of supplying photographic imagery, and it did not do so in this instance. Instead, an affiliated company, Getty Images (US), Inc., supplied the image in question. For purposes of this motion, however, Getty Images, Inc., will accept the allegations of the Complaint as true.

from the American Embassy in Iran. *See* Ex. A (excerpts from jacket of *Killer Elite*).[2] The author of *Killer Elite*, Michael Smith, writes on defense for the *Sunday Times of London* and received the 2006 award as United Kingdom Press Awards Specialist Writer of the Year. *Id.* He formerly worked with the British Army's Intelligence Corps, and he has written other non-fiction books. *Id.* Mr. Curran's photograph – depicting him as bearded, sleeveless, and with a backwards baseball cap against a backdrop of helicopters – appears on the cover of Mr. Smith's book as an illustration of an American soldier in a post-1980 combat zone. *See id.*

Mr. Curran alleges that Getty Images, as a joint venture partner of St. Martin's Press, infringed his right of publicity by appropriating his "image, likeness and photograph without his consent for… financial gain."[3] Compl. ¶ 16; *see also id.* ¶ 10. Mr. Curran alleges that this purported infringement, done in an "intentional, grossly negligent, and reckless" manner, has unjustly enriched Getty Images. *Id.* ¶ 17. In addition, Mr. Curran alleges that Getty Images invaded his privacy by unreasonably intruding upon his seclusion, misappropriating his likeness for financial gain, and creating publicity that placed him in a false light before the public. *Id.* ¶¶ 19-21.

## II. ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. Although the Court must accept as true the Complaint's well-pleaded factual allegations, the Fourth Circuit has emphasized that conclusory allegations of law will not defeat an otherwise proper motion to dismiss. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In

---

[2] Under the incorporation by reference doctrine, the Court need not confine itself to the four corners of the Complaint. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609 (4th Cir. 1999) ("[A] court may consider [a Dow Jones article] in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity"). Given that Plaintiff's lawsuit is premised on the book *Killer Elite*, consideration of its contents does not convert this motion into one for summary judgment. *Phillips*, 190 F.3d at 618.

[3] Mr. Curran does ***not*** allege that Getty Images played any role in the use of his image on the other products described in his Complaint. And, in fact, Getty Images does not believe that any such allegation could be made consistent with Fed. R. Civ. P. 11, as it had nothing to do with those products.

2

particular, the court need not accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (providing that a "court need not accept plaintiff's 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations'" (internal citations omitted)). As the Supreme Court made clear just a few weeks ago, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 2007 WL 1461066, at *8 (U.S. May 21, 2007) (internal quotations omitted).

Under this standard, Mr. Curran has not stated a claim. Indeed, as is shown below, Mr. Curran's claims fail under West Virginia law and also because the use of the subject photograph in this case is protected by the First Amendment.

### A. Mr. Curran Has Not Stated a Claim for Infringement of Mr. Curran's Rights of Publicity or Privacy.

As St. Martin's Press explained in its Motion to Dismiss, Mr. Curran has not stated a claim that Getty Images invaded his privacy by placing him in a false light.

Getty Images refers to and incorporates by reference the well-reasoned argument of St. Martin's Press that Mr. Curran has not stated a claim for infringement of Mr. Curran's rights of publicity or privacy. *See* Docket Nos. 9, 10. This argument, grounded in settled West Virginia law, applies equally to Getty Images. Accordingly, the Court should dismiss Plaintiff's claims against Getty Images as a matter of law.

### B. The First Amendment Protects Newsworthy Uses of Mr. Curran's Photograph.

Aside from the Complaint's deficiencies under West Virginia common law, the First Amendment to the United States Constitution bars Mr. Curran's claims because the Complaint

establishes that St. Martin's Press distributed the photo as part of a non-fiction book on a matter of public concern.

The Supreme Court long has recognized that speech on public issues occupies "the highest rung on the hierarchy of First Amendment values" and merits special protection. *Connick v. Myers*, 461 U.S. 138, 145 (1983). Where a member of the media uses an individual's likeness or image in the course of engaging in protected speech, the use of that likeness or image likewise merits First Amendment protection. *See, e.g., Four Navy Seals v. Associated Press*, 413 F. Supp.2d 1136, 1146 (S.D. Cal. 2005) (finding newsworthy photos of American military personnel allegedly abusing Iraqi detainees); *Rosemont Enter., Inc. v. Random House, Inc.*, 58 Misc.2d 1, 294 N.Y.S.2d 122, 129 (N.Y. Sup. 1968) ("Just as a public figure's 'right of privacy' must yield to the public interest so too must the 'right of publicity' bow where such conflicts with the free dissemination of thoughts, ideas, newsworthy events and matters of public interest."). This rule applies with equal force to photographs in a book. *Klein v. McGraw-Hill, Inc.*, 263 F. Supp. 919, 921 (D.D.C. 1966) ("It makes no difference whether the article appears in a newspaper, a magazine, a newsreel, on television, in a motion picture, or in a book.").

The First Amendment protection will protect the use of a likeness or image as long as the subject of the image bears a reasonable relationship to the content of the work. *See id.* at 921-22 (photo of plaintiff-inventor on front of textbook on radio technology illustrative of subject, not advertisement for the book); *Finger v. Omni Publ'ns Int'l, Ltd.*, 77 N.Y.2d 138, 143, 677 N.E.2d 141 (N.Y. 1990); *Creel v. Crown Publishers, Inc.*, 115 A.D.2d 414, 415-16, 496 N.Y.S.2d 219 (N.Y. App. 1985) (photo of nude plaintiffs bore a real relationship to nude beaches guide, a matter of public interest). In *Finger*, for example, New York's highest court found that using a photo of a large family bore a "real relationship" to a newsworthy article on ways to increase human fertility, including in vitro fertilization, even though the family pictured did not use

4

artificial fertilization.  *Finger*, 77 N.Y.2d at 143.  The court noted that the doctrine "should be liberally applied… not only to reports of political happenings and social trends" but also "to matters of scientific and biological interest."  *Id.*

Here, the United States armed forces' operations and activities involve matters of public concern.  Just as the public demonstrated "an intense interest in, and concern about, Iraqi prisoner abuse scandals involving the American military," it has continued its avid interest in U.S. military activities abroad.  *See Four Navy Seals,* 413 F.Supp.2d at 1146.  The First Amendment affords this type of speech the greatest protection.  The photograph of Mr. Curran, an American soldier in informal attire on active duty in a combat zone, bears as much of a reasonable relationship to military special operation activities as a nude photograph does to a guide to nude beaches or the photo of an inventor does to a book about his general area of specialty.  In other words, as a matter of law, the publication of Mr. Curran's photo in association with *Killer Elite* illustrated the book's subject matter and did not serve primarily as a means of commercial exploitation capitalizing on any aspect of Mr. Curran's identity.

As a result, the First Amendment absolutely protects the use of Mr. Curran's image on the cover of the *Killer Elite*.  For that reason, the Court should dismiss Mr. Curran's claims against Getty Images in their entirety.

### III.  CONCLUSION

For the foregoing reasons, Defendant Getty Images requests this Court to grant its Motion to Dismiss the Complaint in its entirety.  Because Mr. Curran could not amend his Complaint to take the use of his image outside the protection of the First Amendment, the Court should grant Getty Images, Inc.'s Motion to Dismiss and order dismissal with prejudice.

                                          **GETTY IMAGES, INC.**
                                          **By Counsel**


/s/Andrew B. Cooke
Andrew B. Cooke (WVSB #6564)
Elizabeth L. Taylor (WV State Bar #10270)
FLAHERTY, SENSABAUGH & BONASSO, P.L.L.C.
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
(304) 345-0200 (Telephone)
(304) 345-0260 (Telecopier)
acooke@fsblaw.com (E-Mail)
*Counsel for Getty Images, Inc.*

*Of Counsel:*
Stephen M. Rummage
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 757-8136
(206) 757-7136 (facsimile)
SteveRummage@DWT.com (E-Mail)
*Counsel for Getty Images, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**ERIK CURRAN,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO.: 2:07-0354**
                                               **(Judge John T. Copenhaver)**

**AMAZON.COM, INC., a
Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
A New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation;
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFE PRESS.COM, INC., a Delaware
corporation,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

I, Andrew B. Cooke, counsel for Getty Images, Inc, do hereby certify that on June 27, 2007, I presented the foregoing ***Memorandum of Law in Support of Defendant Getty Images' Motion to Dismiss*** to the Clerk of Court for filing and uploading to the CM/ECF system.

| | |
|---|---|
| David Allen Barnette | John H. Tinney, Esquire |
| W. Scott Evans | The Tinney Law Firm, PLLC |
| Jackson Kelly PLLLC | 707 Virginia Street, East |
| P. O. Box 553 | P.O. Box 3752 |
| Charleston, WV 25322 | Charleston, WV 25337-3752 |
| (304) 340-1327 | johntinney@tinneylawfirm.com |
| dbarnette@jacksonkelly.com | |
| | Ian C. Ballon, Esquire |
| Charles M. Love, IV, Esquire | Wendy M. Mantell, Esquire |
| Marvin W. Masters, Esquire | Greenberg Traurig LLP |
| 181 Summers Street | 2450 Colorado Ave., Suite 400E |
| Charleston, WV 25301 | Santa Monica, CA 90404 |
| cml@themasterslawfirm.com | |
| mwm@themasterslawfirm.com | |

/s/Andrew B. Cooke
Andrew B. Cooke (WVSB #6564)
Elizabeth L. Taylor (WV State Bar #10270)
FLAHERTY, SENSABAUGH & BONASSO, P.L.L.C.
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
(304) 345-0200 (Telephone)
(304) 345-0260 (Telecopier)
acooke@fsblaw.com (E-Mail)