IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ERIK CURRAN,**

    **Plaintiff,**

v.                                           CIVIL ACTION NO.:   2:07-0354
                                                  (Judge John T. Copenhaver)

**AMAZON.COM, INC., a Delaware corporation; GETTY IMAGES, INC., a Delaware corporation; ST. MARTIN'S PRESS, LLC, SIDESHOW INC., d/b/a SIDESHOW COLLECTIBLES, a Delaware corporation; HOT TOYS LTD., a business entity incorporated in Hong Kong; and CAFÉ PRESS.COM, INC., a Delaware corporation,**

    **Defendants.**

## REPLY OF AMAZON.COM, INC.
## TO ERIK CURRAN'S RESPONSE TO MOTION TO DISMISS

Amazon.com, Inc. ("Amazon") believes that the Response of Erik Curran ("Curran") incorrectly states the United States Supreme Court's current standard for a Motion to Dismiss, ignores the teachings of *Crump v. Beckley Newspapers, Inc.*, 173 W.Va. 699, 320 S.E.2d 70 (1984), incorrectly describes the case of *Tellado v. Time-Life Books, Inc.*, 643 F.Supp. 904 (D. N.J. 1986), and, finally, makes the absurd argument that the simple selling of a book constitutes a joint venture with the publisher. Nothing in the Response of Curran explains why the alleged claims extend to Amazon in its role as a book seller.

    I.    **THE CORRECT STANDARD OF REVIEW FOR A MOTION TO DISMISS**

In *Bell Atlantic Corporation v. Twombly*, the United States Supreme Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

\_\_\_\_ U.S. \_\_\_\_, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted).

The United States Court of Appeals for the Fourth Circuit has stated that conclusory allegations of law will not defeat an otherwise proper Motion to Dismiss. *United Black Firefighters of Millfork v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Applying the Supreme Court's teachings in *Twombly*, no fact rises above the speculative level in the Complaint of Curran that supports a claim against a book seller for either of the allegations pled by Curran.

## II.   THE WEST VIRGINIA STANDARD

The case of *Crump v. Beckley Newspapers* clearly describes the state of the law in West Virginia. *Crump* stands for the proposition that the use of a file photo does not give rise to liability for a publisher. Nothing in the *Crump* case even suggests that a (newspaper vendor) book seller incurs liability for the display of a book cover in either electronic or in physical format.

The teaching of *Crump*, as it relates to the facts in this case, is that *Killer Elite's* book cover is an incidental use. The *Crump* Court stated:

> In the present case, Crump's photograph was not published because it was *her* likeness, it was published because it was the likeness of a *woman coal miner*. It was merely a file photograph used as a matter of convenience to illustrate an article on women

{C1217265.2}

2

coal miners. This type of incidental use is not enough to make the publication of a person's photograph an appropriation.

*Crump* at 320 S.E.2d at 86 (emphasis in original).

In *Tellado, supra.* (which is miss-cited in Curran's Response as 643 F.Supp. 940 and correctly should be 643 F.Supp. 904), the United States District Court for the District of New Jersey was confronted with an argument that the use of a picture of a Vietnam War veteran gave rise to a misappropriation of likeness claim where the publisher utilized that picture solely for advertising purposes in an advertising letter, a brochure, and various promotional materials issued by the publisher in connection with the sales of a book entitled, *The Vietnam Experience*. *Tellado*, however, did not involve a picture utilized on a book cover. *Tellado* supports the dismissal of Amazon from the instant case in that the Court in *Tellado* granted summary judgment on the plaintiff's invasion of privacy claims, but held that it would not grant summary judgment on the misappropriation claim stating:

> I emphasize that the defendant did not use plaintiff's photograph in any part of the books themselves. Had plaintiff's picture been used to depict the history of the Vietnam War, defendant's use clearly would have been protected by the First Amendment, regardless of what type of profit defendant expected to make with its book series. *** It is important to remember here that defendant used plaintiff's photograph solely to hype its product. Plaintiff should be permitted to seek compensation for this use.

*Tellado*, 643 F.Supp. at 914 (emphasis added).

Curran attempts to confuse the use of his picture on the cover of *Killer Elite* with the advertisements and promotional letters utilized by Time-Life Books in the *Tellado* case. This argument appears to be made because on the back of the book cover there appears praise for *Killer Elite* and "praise for the *Emperor's Codes*". While clearly the Curran photograph is "part of the book", unlike the *Tellado* case, the argument that utilizing praise for the current book and a former book by the same author on the back cover constitutes an advertisement which utilizes

{C1217265.2}

3

Curran's picture is patently absurd. In *Dallesandro v. Henry Holt & Co.*, 4 A.D. 2d 470 (N.Y. App. Div. 1st Dept. 1957), the New York Supreme Court, Appellate Division, upheld the dismissal of a complaint finding that the use of a picture on a book cover does not constitute use for trade or advertising, as it is a matter of legitimate public interest. The entirety of *Curran's* Response tends to obscure that Amazon is simply the seller of the book, not to be confused with any other party to this matter.

### III. THE JOINT VENTURE ARGUMENT

Curran argues that a joint venture exists between Amazon and St. Martin's Press citing *Price v. Halstead* for the principle that "a joint adventure, is 'an association of two or more persons *to carry out a single business enterprise for profit,* for which purpose they combine their property, money, effects, skill, and knowledge.'" 177 W.Va. 592, 355 S.E.2d 380, 384 (1987) (emphasis in original; citations omitted). Nothing has been pled, nor does common sense suggest that Amazon, the seller of a book, has in any way joined with St. Martin's Press to create a single business enterprise for which they have combined their property, money, effects, skill and knowledge. St. Martin's Press publishes books, and Amazon sells books from a wide variety of sources. Nothing in the Complaint would suggest, in fact, a common enterprise other than the fact that a book published by St. Martin's Press is being sold by Amazon, as well as hundreds of other retailers.

## IV. CONCLUSION

The Complaint of Curran simply does not state a recognized cause of action against a book seller, such as Amazon, nor does the law of the State of West Virginia or of the United States of America support the claims against Amazon set forth in the Curran Complaint.

        AMAZON.COM, INC.

        By Counsel

/s/ David Allen Barnette
DAVID ALLEN BARNETTE (WVSB 242)
W. SCOTT EVANS (WVSB 5850)
JACKSON KELLY PLLLC
P. O. Box 553
Charleston, WV 25322
(304) 340-1327

## **CERTIFICATE OF SERVICE**

I, David Allen Barnette, counsel for Amazon.com, Inc., do hereby certify that on June 29, 2007, I electronically filed the REPLY OF AMAZON.COM, INC. TO ERIK CURRAN'S RESPONSE TO MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants shown below:

>Andrew B. Cooke, Esquire
>Elizabeth L. Taylor, Esquire
>FLAHERTY SENSABAUGH & BONASSO, PLLC
>200 Capitol Street
>Charleston, WV 25301
>
>Charles M. Love, IV, Esquire
>Marvin W. Masters, Esquire
>The Masters Law Firm
>181 Summers Street
>Charleston, WV 25301
>
>John H. Tinney, Esquire
>John H. Tinney, Jr., Esquire
>THE TINNEY LAW FIRM
>P. O. Box 3752
>Charleston, WV 25337-3752

I hereby certify that I have mailed the REPLY OF AMAZON.COM, INC. TO ERIK CURRAN'S RESPONSE TO MOTION TO DISMISS by First Class United States Mail to the following non-CM/ECF participants:

>Ian C. Ballon, Esquire
>Wendy M. Mantell, Esquire
>GREENBERG TRAURIG
>Suite 400E
>2450 Colorado Avenue
>Santa Monica, CA 90404

{C1217265.2}

James K. Tinney, Esquire
THE TINNEY LAW FIRM
P. O. Box 3752
Charleston, WV 25337-3752

/s/ David Allen Barnette
David Allen Barnette

{C1217265.2}