IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK CURRAN

       Plaintiff,

v.                                             Civil Action No. 2:07-cv-354
                                                            (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

       Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT
GETTY IMAGES, INC.'S MOTION TO DISMISS

`       Comes now the plaintiff, by counsel, in response to Getty Images, Inc.'s motion to dismiss the plaintiff's complaint. The complaint sets forth claims recognized by West Virginia law against Getty Images, Inc. (hereinafter "Getty Images") and therefore Getty Images' motion should be dismissed. It should also be noted that Getty Images filed its 12(b)(6) motion nineteen days after having filed an answer to the complaint. Getty Images has waived its ability to file a 12(b)(6) motion.

Getty Images brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This was done nineteen days after answering the plaintiff's complaint. The defendant contends that the plaintiff has failed to state a claim upon which relief can be granted. Getty Images is wrong because West Virginia has recognized claims for invasion of the right of publicity and invasion of the right of privacy. No allegation has been made by Getty Images that plaintiff has failed to allege a necessary element for the recognized claims. As a result the defendant's review of the complaint and law is deficient and their motion should be denied. Moreover, Getty Images waived the right to file a motion to dismiss.

I.     Facts

Erik Curran is and was at all relevant times a soldier in the West Virginia National Guard. At some point a photograph was taken of him while deployed in a combat zone. This photograph has now been used on t-shirts, to create dolls, to sell toys, and on a book jacket to sell a book called "Killer Elite" and other books authored by Michael Smith. The subject photograph was sold by Getty Images to St. Martin's Press for use in marketing a book. It is unknown at this point to who else Getty Images has sold Mr. Curran's photo. What is known is that Mr. Curran never consented to the sale of his photo or image as is being done by Getty Images. It also appears that Mr. Curran's image sold by Getty Images is the same photo appearing on the subject t-shirts and doll box. Erik Curran's photograph appears on the book jacket of Killer Elite, however it does not appear anywhere in the book. The book jacket was designed by "PTG" not by the author of the book, Michael Smith. See Exhibit 1. Further, the book

jacket touts Killer Elite and other books written by Michael Smith, including Emperor's Codes.  Mr. Curran and his photograph have nothing to do with the story Killer Elite or Emperor's Codes and as such were not deemed necessary by the author to be included in the book, itself.  Interestingly, the author did choose to include photos within the body of the book, but Mr. Curran's photo was not included.

## II.   Standard of Review

In the seminal case of Conley v. Gibson, 355 U.S. 41 (1957), the United States Supreme Court addressed the standard for reviewing challenges to the sufficiency of a complaint.  The Court explained, in part:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper.  **The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice** of what the plaintiff's claim is and the grounds upon which it rests. . . .  **Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues**.  Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis.  **The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**. . . .

Conley, 355 U.S. at 47-48 (emphases added; footnotes and citations omitted).  Accord American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 228-29 & 230 (4th Cir. 2004) ("this court accepts as true the facts as alleged in the complaint, views them in

3

the light most favorable to the plaintiff . . ."; "`Federal "notice" pleading standards require that the complaint be read liberally in favor of the plaintiff'" (citations omitted)); Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff"; "In light of the standard of review, we traditionally have viewed even poorly drafted complaints in a light most favorable to the plaintiff"); Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) ("Rogers' complaint, to say the least, was inartfully drafted and her attorney compounded that problem by failing to respond to Jefferson-Pilot's rule 12(b)(6) motion for dismissal.  In our view, however, a rule 12(b)(6) motion should be granted only in very limited circumstances.  The Supreme Court has explained that `[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" (citation omitted)); Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 543 (D.Md. 1997) ("Due to the severe impact of dismissals, the Court will grant Rule 12(b)(6) motions `only in very limited circumstances.' . . .  In reviewing the pleadings, the Court must accept all of the plaintiff's well-pleaded allegations as true, and must construe them in the light most favorable to the plaintiff. . . ." (citations omitted)); In re North Carolina Technological Development Authority, Inc., 2007 WL 542405, at *1 (Bkrtcy.M.D.N.C. Feb. 16, 2007) ("`As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which

the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief.' . . .  The plaintiff's allegations are to be construed `liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading.'" (citations omitted)); <u>Browning v. Vecellio & Grogan, Inc.</u>, 945 F. Supp. 930, 931 (W.D.Va. 1996) (same).

The United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. at 45-46, also held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  However, in <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1968-69 (May 21, 2007), the Supreme Court recently abrogated that portion of its holding in <u>Conley</u>.  Believing that some lower courts and parties were construing such holding of <u>Conley</u> too literally, the Court reasoned:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  <u>Conley</u>, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1969 (citations and footnote omitted).

Addressing the proper standard of review, the Court explained:

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).

See also Barr-Hairston v. U.S., 2007 WL 1574525, at * 1 (W.D.Va. 2007).

Federal Rule of Civil Procedure 12(b) states in part:

*How presented.* – Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. **A motion making any of these defenses shall be made before pleading if a further pleading is permitted.**

Here Getty Images filed it responsive pleading, an answer, to the plaintiff's complaint nineteen days before filing a 12(b)(6) motion. Due to Getty Images failure to file its 12(b)(6) motion until after it filed its responsive pleading, Getty Images waived the ability to file a 12(b)(6) motion.

6

III.    Discussion

The State of West Virginia recognizes invasion of the right of publicity claims and invasion of the right of privacy claims. Crump v. Beckley Newspapers, Inc., 320 SE.2d 70, 85—86 (W.Va. 1984)  Getty Images has chosen to frame its motion as a 12(b)(6) motion. In light of the acceptance by West Virginia courts of plaintiff's claims, and defendants waiver of its 12(b)(6) motion, Getty Images' motion should be denied.

The plaintiff will first address the invasion of the right of publicity claim. Getty Images feels and claims that plaintiff's claim for invasion of the right of publicity fails as a matter of law because Mr. Curran is not a public figure. Getty Images, however, ignores and fails to inform the Court that soldiers have been held to be public figures.

> Prosser states:[1]
>
> A public figure has been defined as a person who, by his accomplishments, fame, or mode of living, or by adopting a profession or calling which gives the public a legitimate interest in his doings, his affairs, and his character, has become a 'public personage.' He is, in other words, a celebrity. Obviously to be included in this category are those who have achieved some degree of reputation by appearing before the public, as in the case of an actor, a professional baseball player, a pugilist, or any other entertainer. The list is, however, broader than this. **It includes . . . even ordinary soldiers. . .** It includes, in short, anyone who has arrived at a position where public attention is focused upon him as a person.

Prosser and Keeton on Torts, 5th edition, (1984) §117 at  860.  See also Continental Optical Co. v. Reed, 86 N.E.2d 306 (Ind. 1949). (The court recognized that a soldier has a

---

[1] Prosser's writings are the foundation for the West Virginia Supreme Court holdings in Crump.

7

legal right to recover where his photo is used to advertise a product or service.) and Tellado v. Time Life Books, Inc., 643 F.Supp 940 (D.N.J. 1986)

Tellado is a case where a Vietnam veteran brought suit for the defendant's unauthorized use of his picture in advertising a series of books about the Vietnam War. The Tellado court held that a publisher could be inferred to have misappropriated likeness for a predominately commercial purpose, where it had used a photograph of a soldier in Vietnam without payment or release in advertisement for a book series on Vietnam but not in the books themselves. The Tellado court also found a soldier to be a public figure. Id at 909.

Here the plaintiff through the time and service he has committed to defending our nation has created goodwill and reputation. It is insulting that Getty Images does not recognize this fact and asserts such a defense to avoid compensating Mr. Curran for its financial gain.

While the plaintiff agrees that the complaint does not specifically state that Mr. Curran is a public figure, in this case Getty Images is assisting to sell Killer Elite with the unauthorized sale of Mr. Curran's image to St. Martin's Press for use on a book jacket featuring Erik Curran and for the predominately commercial purpose to advertise this book and another book that contain no reference to Mr. Curran. Mr. Curran is a public figure and not specifically stating that he is a public figure should not defeat Mr. Curran's claim. It is clear from Getty Images' motion that Getty Images understands and has notice of the plaintiff's claim. If the court finds it necessary the

plaintiff may amend his complaint to specifically state that he is a public figure.[2] Mr. Curran never gave his consent to any party that they may use his photo for sale of his image or any other purpose. Because Getty Images' business is to sell images the unauthorized sale of Mr. Curran's image illustrates that. The defendant's argument is meritless and its motion should be denied.

The plaintiff now turns to Getty Images feeling that it should be dismissed based on the newsworthiness privilege. The plaintiff also alleges intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph. (See paragraph 17 of plaintiff's complaint.) In this case Getty Images makes a conclusory assumption that the use of Mr. Curran's photo is permissible because it is used for public interest purposes rather than advertising. This, however, fails to recognize that the book jacket advertises more than one book and Mr. Curran's image and name are not found within the body of the book. In short the photograph was used to advertise the book not to illustrate the story. The author chose photos contained within the body of the book for illustration purposes and excluded Mr. Curran's. Moreover, Getty Images unauthorized sale of Mr. Curran's photo was not just predominately commercial but it was wholly commercial.

The facts of this case are distinguishable from those in Crump for a number of reasons. First, the photo in Crump was within the body of the story. Secondly, the plaintiff in Crump had given permission to the defendant to use the photograph before.

---

[2] The crux of the defendant's motion is not that the complaint did not give appropriate notice of what the claim is but that the defendant does not believe that Mr. Curran is a public figure.

Thirdly, the use of Crump's photo within the body of the newspaper article was not for a predominately commercial purpose.

In this case, Mr. Curran's photo was chosen by a marketing group to sell books, the photo was not chosen by the author to be part of the story, and use of the photo to sell and market the book is a predominately commercial use of Mr. Curran's likeness, image and photograph.  Most important is that Getty Images sold Mr. Curran's image for profit.

Like the claim for misappropriation of likeness, the defendant's motion to dismiss plaintiff's other right of privacy claims does not state that the plaintiff has not stated a claim but that Getty Images asserts its own factual conclusions.

There is a genuine factual issue, at the very least, that the book jacket is advertising material.  Turning to the cases cited by Getty Images, they are wholly distinguishable and the representation of their holdings is inaccurate.

<u>Four Navy Seals v. Associated Press</u>, 413 F.Supp.2d 1136 (S.D.Cal. 2005)  deals with publication of photos first published by the plaintiffs themselves, showing the plaintiffs abuse of prisoners or war.  The photos were later downloaded from the plaintiff's website by a journalist who used the photos in a story about <u>the plaintiff's abuse of prisoners of war</u>.

In this case, Mr. Curran never published the subject photo, never consented to have his likeness sold or used for any other purpose and the photo was not used in a story about Mr. Curran.  The photo in regard to its use in <u>Killer Elite</u> was to sell books including <u>Killer Elite</u> and <u>Emperor's Code</u>.

10

Rosemont Enter. Inc. v. Random House, Inc., 58 Misc.2d 1 (N.Y. Sup. 1968) arises from an order granting summary judgment where a third party sought to raise and invasion of privacy claim on Howard Hughes' behalf. A biography on Howard Hughes was written and the court found that a biography on a public figure was not a commercial purpose. The court also found that a third party did not have standing to bring an invasion of privacy claim on behalf of another.

In this case, Getty Images sold Mr. Curran's photo for their own profit. There is no biography written by Getty Images about Mr. Curran and Mr. Curran brought this suit on his own behalf.

Klein v. McGraw Hill, 263 F.Supp 919 (D.D.C. 1966) arises from an order granting summary judgment. In this case the plaintiff consented to have his photo taken by the ultimate seller of his photo. The picture was also contained in the book as a frontispiece.[3]

In this case, Mr. Curran did not give his consent to have his picture sold by Getty Images. Getty Images did not obtain Mr. Curran's consent to take the photograph either. In fact it is not believed that Getty Images actually took Mr. Curran's photo but that Getty Images bought the photo from an undisclosed source for the purpose of selling his photo. In St. Martin's Press' use of the photo, it was not contained in the book but was used solely as advertisement for Killer Elite and Emperor's Code. In this case, Mr. Curran's photo was sold by Getty Images. The later use of the photo by a

---

[3] Webster defines frontispiece as an illustration preceding and usually facing the title page of a book or magazine.

third party may subject Getty Images to further liability for the unauthorized appropriation for a commercial purpose of Mr. Curran's image, however, the sale of the photo by Getty Images to St. Martin's Press was violative of West Virginia law. The sale of Mr. Curran's image was a commercial transaction.

<u>Creel v. Crown Publishers, Inc.</u>, 115 A.D.2d 414 (N.Y. App. 1985) arises from an order granting summary judgment. The plaintiff in the case consented to having her nude photo taken for use in a publication. The plaintiff argued that oral consent was not enough and that written consent was necessary.

In this case, no consent, either oral or written, was obtained by Getty Images. The sale of Mr. Curran's image to St. Martin's Press and likely to undisclosed others is a wholly commercial appropriation by Getty Images of Mr. Curran's image. The value of Mr. Curran's image is due to his service for our country. Getty Images is the modern day version of the carpetbaggers of the Civil War era. Getty Images is capitalizing on Mr. Curran's image based upon the patriotic fervor created by the attacks on our country.

Getty Images accepts that West Virginia recognizes the causes of action asserted by the plaintiff but attempts to convince the court that the plaintiff cannot prevail based on <u>factual</u> conclusions asserted by the defendant. The law requires that all plaintiff's allegations are to be assumed true. The sale of Mr. Curran's image for profit by Getty Images is enough to show misappropriation and false light invasion of privacy and intrusion.

For the foregoing reasons, The plaintiff requests that the Court deny Getty Images' motion to dismiss and allow discovery to go forward on these issues. Alternatively, the plaintiff requests that the Court allow the plaintiff to amend his complaint to give a clearer statement of his claims. The plaintiff requests all other relief the Court deems just and appropriate.

               ERIK CURRAN

               By Counsel


**s/Charles M. Love, IV**
Marvin W. Masters, Esquire
West Virginia State Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\B004.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ERIK CURRAN

        Plaintiff,

v.                                          Civil Action No. 2:07-cv-354
                                             (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware corporation
HOT TOYS, LTD., a business entity
incorporated in Hong Kong; and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

## CERTIFICATE OF SERVICE

      I, Charles M. Love, IV, do hereby certify that true and exact copies of "Plaintiff's Response To Defendant Getty Images, Inc.'s Motion To Dismiss" were served upon:

        John H. Tinney, Esquire
        The Tinney Law Firm, PLLC
        Bank One Center, 14th Floor
        7097 Virginia Street, East
        Charleston, West Virginia 25301
        Counsel for CafePress.com

        David A. Barnette, Esquire
        Jackson & Kelly
        1600 Laidley Tower
        Post Office Box 553
        Charleston, West Virginia 25322
        Counsel for Amazon.com and St. Martin's Press

        Andrew B. Cooke, Esquire
        Elizabeth L. Taylor, Esquire
        Flaherty Sensabaugh & Bonasson
        Post Office Box 3843
        Charleston, West Virginia  25338-3843
        Counsel for Getty Images, Inc.

via electronic filing this 6th day of July, 2007; and upon:

        Ian C. Ballon, Esquire
        Wendy M. Mantell, Esquire
        GREENBERG TRAURIG
        Suite 400E
        2450 Colorado Avenue
        Santa Monica, California 90404
        Counsel for CafePress.com

        Suyin So, Esquire
        Perry M. Amsellem, Esquire
        Pryor Cashman, LLP
        410 Park Avenue
        New York, New York 10022
        Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles.

        Karen Robson
        Pryor Cashman, LLP
        1801 Century Park East
        Los Angeles, California 90067
        Counsel for Sideshow, Inc., d/b/a Sideshow Collectibles

in envelopes properly addressed, stamped and deposited in the regular course of the

United States Mail this 6th day of July, 2007

                                                **s/Charles M. Love, IV**
                                                Charles M. Love, IV, Esquire
                                                West Virginia State Bar No. 7477