UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ERIK CURRAN,**

      **Plaintiff,**

**v.**                                   **Case No. 2:07-cv-00354**

**AMAZON.COM, INC., et al.,**

      **Defendants.**

**O R D E R**

The court has reviewed the parties' Report of Parties' Planning Meeting, and the scheduling conference previously set for August 2, 2007 is canceled. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule of Civil Procedure 16.1(e), it is accordingly **ORDERED** that this case shall proceed as follows:

1. **Amendments and Joinder**. The amendment of any pleading and the joinder of any party shall be completed no later than September 15, 2007.

2. **Discovery**. The parties shall complete all discovery requests by February 1, 2008 and all depositions by March 17, 2008. The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), (2), and (5), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed. Pursuant to Local Rule 26.1(c), the

court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

    3.  **Expert Witnesses**: The party bearing the burden of proof on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than December 1, 2007. The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than January 15, 2008. All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than February 15, 2008.

    4.  **Summary Judgment and Other Dispositive Motions**. All dispositive motions, except those under Rule 12(b), together with depositions, admissions, documents, affidavits, or other such matter in support thereof, shall be filed and served by April 7, 2008, with responses due by April 21, 2008, and replies due by April 29, 2008. Any motion must be supported by a memorandum of law at the time filed or submitted. If any motion, memorandum in support, response, or reply, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be

submitted to the presiding judicial officer at the time of filing.

    5. **Mediation and Settlement Meeting**. Any mediation scheduled by the parties must be concluded by March 15, 2008.  No later than June 9, 2008, the parties and their lead trial counsel shall meet and conduct negotiations looking toward the settlement of the action, and counsel will be prepared at the pretrial conference to certify that they have done so.  Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel shall cooperate to effect such negotiations.  If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

    6. **Motions in Limine**:  All motions in limine shall be filed and served by June 16, 2008, with responses due by June 23, 2008.

    7. **Proposed Integrated Pretrial Order**.  The plaintiff portion of the proposed integrated pretrial order shall be submitted to opposing counsel by June 11, 2008, who shall then prepare and complete the opposing portion thereof and submit the proposed integrated pretrial order, signed by all counsel, to the court for entry no later than June 18, 2008.  The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule of Civil Procedure 16.7(b).

8. **Pretrial Conference**. A pretrial conference shall be held at **2:00 p.m. on June 27, 2008**, at which lead trial counsel shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

9. **Proposed Charges to the Jury**. The original and one copy of proposed jury instructions, numbered and in charge form, on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, requested by counsel for submission to the jury, together with a verdict form, shall be exchanged by counsel and submitted to the presiding judicial officer by **July 23, 2008**. On that same date, the proposed jury instructions and verdict form shall also be submitted to the presiding judicial officer on compact disc saved in WordPerfect compatible format or emailed to chambers according to instructions provided by the court's law clerk.

10. **Final settlement conference**: A final settlement conference, attended by all unrepresented parties and by lead trial counsel for each represented party, shall be held at **10:00 a.m. on July 28, 2008**, in Charleston, or as earlier directed by the court. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

11. **Trial**. Trial of this action shall be held at **9:30 a.m.**

on **July 29, 2008**, in the United States Courthouse, at Charleston before the Hon. John T. Copenhaver, Jr., District Judge.

    12.    **Failure to Appear or Negotiate**.  Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required in paragraph 5 above, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required in paragraph 5 above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Fed R Civ P Rule 16(f).

    All proceedings shall be held by the court at the Robert C. Byrd United States Courthouse, Charleston, West Virginia.

    The Clerk is directed to forward copies of this order to all counsel of record.

    ENTER: July 18, 2007

Mary E. Stanley
United States Magistrate Judge