# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| ERIK CURRAN,<br><br>                Plaintiff,<br><br>               -v-<br><br>AMAZON.COM, INC., a Delaware corporation; GETTY IMAGES, INC., a Delaware corporation; ST MARTIN'S PRESS, LLC, a New York corporation; SIDESHOW, INC., d/b/a SIDESHOW COLLECTIBLES, a Delaware corporation; HOT TOYS, LTD., a business entity incorporated in Hong Kong; and CAFÉ PRESS.COM, INC, a Delaware corporation,<br><br>                Defendants. | Civil Action No. 2:07-cv-354<br>(Honorable John T. Copenhaver)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOT TOYS, LTD.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |

## PRELIMINARY STATEMENT

Hot Toys, Ltd. ("Hot Toys") respectfully requests that this Court dismiss the complaint of Erik Curran ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Hot Toys is a company engaged in designing, developing and manufacturing highly detailed action figures and other toy merchandise to markets worldwide. Hot Toys is the designer and manufacturer of "DEVGRU version 2.0," an action figure designed to look like a soldier in the Naval Special Warfare Development Group (the "Action Figure").

Plaintiff alleges in his complaint that defendant St. Martin's Press, LLC published a novel entitled *Killer Elite* that displayed a photograph of Plaintiff on its cover without his consent (the "Photograph"). He further alleges that Hot Toys used the Photograph as a model for

the "Action Figure" and "to sell other dolls" produced by Hot Toys and that these actions constituted a violation of his rights to privacy and publicity. *See* Complaint, ¶¶ 11, 15-17, 19-24, attached hereto as Exhibit A.

Hot Toys denies that the Action Figure was modeled on the Photograph or any other image of Plaintiff. In fact, Hot Toys does not believe that it has seen Mr. Curran or any image of Mr. Curran, including the Photograph, prior to the filing of the present lawsuit. Moreover, a comparison of the image of the Action Figure to Plaintiff's alleged image in the Photograph reveals that the *only* characteristics the two have in common – namely, that they are both bearing tinted glasses, a hat, weapons and a long beard – are generic characteristics that are undoubtedly common to many soldiers. *See* Exhibit B (images of the "DEVGRU, version 2.0" action figure, produced by Hot Toys) and Exhibit C (image of the front cover of the book jacket to the novel *Killer Elite*).[1] Indeed, celebrities or other individuals seeking to *disguise* their identity are likely to employ a hat, dark glasses, and a beard.

Nonetheless, even accepting as true Plaintiff's false allegation that Hot Toys modeled the Action Figure after the Photograph, this act in itself does not create a cause of action for a violation of the right of privacy or the right of publicity under West Virginia law. Thus, this Court should dismiss Plaintiff's complaint in its entirety.

## ARGUMENT

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Stewart v. West Virginia Employers' Mut. Ins. Co.*, Civ. Act. No. 2:07-0168, 2007 WL 4300595, at *3 (S.D. W. Va. Dec. 5, 2007) (Copenhaver, J.) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.

---

[1] In reviewing a 12(b)(6) motion to dismiss, the courts may consider "documents attached to the complaint, as well as those attached to the motion to dismiss, as long as they are integral to the complaint and authentic." *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Ct. 1955, 1964-1965 (2007)). Indeed, conclusory allegations alone are not sufficient to state a cause of action. *See Stewart*, 2007 WL 4300595, at *3 (noting that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do.") (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1956); *see also Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming dismissal of the amended complaint because the court "need not accept plaintiff's 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'") (quoting Charles A. Wright & Arthur R. Miller, *5A Federal Practice and Procedure* § 1357, 317-18 (2d ed.1990)). As set forth in detail below, Plaintiff's complaint does no more than state sweeping factual and legal conclusions, and therefore, it should be dismissed.

## I. PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF RIGHT OF PUBLICITY

Plaintiff has failed to state a claim for violation of the right of publicity as alleged in Count I of his complaint. In order to recover for this tort under West Virginia law, a plaintiff must demonstrate "the unjust enrichment caused by an unauthorized exploitation of the good will and reputation that a public figure develops in his name or likeness through the investment of time, money and effort." *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 714 n.6, 320 S.E.2d 70, 86 n.6 (1983); *see also Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 834 (6th Cir. 1983) (stating that the "right of publicity has developed to protect the commercial interest of celebrities in their identities."); *Barnhart v. Paisano Pubs. LLC.*, 457 F. Supp. 2d 590, 596 (D. Md. 2006) (granting defendant's summary judgment motion and dismissing plaintiff's right to publicity claim because plaintiff failed to establish that she was "famous or a professional model or that there [was] any special value associated with her likeness."). Nowhere in his complaint does Plaintiff allege that he is a public figure. Furthermore, Plaintiff

has not, and cannot, allege that he has developed value in his persona through time, money and effort.

Assuming for the sake of this motion only that Hot Toys did model the Action Figure after the Photograph, it did so because the Plaintiff looked like a stereotypical soldier in the Naval Special Warfare Development Group, not to exploit any fame, social standing or value associated with Plaintiff's likeness. As the West Virginia Supreme Court of Appeals explained in *Crump* in its discussion of the analogous tort of invasion of privacy by appropriation of image, mere publication without consent does not amount to an actionable claim. Specifically, the court held:

> [P]ublication of a person's name or likeness is not enough, the defendant must take for his own use or benefit the reputation, prestige or commercial standing, public interest or other value associated with the name or likeness published. In the present case, Crump's photograph was not published because it was her likeness, it was published because it was the likeness of a woman coal miner. It was merely a file photo used as a matter of convenience to illustrate an article on women coal miners. This type of incidental use is not enough to make the publication of a person's photograph an appropriation.

*Crump*, 173 W. Va. at 715, 320 S.E.2d at 86. Even assuming that Hot Toys did use the Photograph as a model for the Action Figure, this was, like in *Crump*, an "incidental use." *See id.* The Photograph would have been allegedly selected not because Plaintiff is famous or has high commercial standing, but because the Photograph portrayed the likeness of a solider. *See id.* In light of the fact that Plaintiff has not, and cannot, demonstrate that he has commercial value associated with his likeness, this Court should dismiss Plaintiff's first cause of action.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF RIGHT OF PRIVACY

This Court should dismiss Plaintiff's cause of action for "invasion of right of privacy" as alleged in Count II of his complaint because Plaintiff's complaint fails to establish the necessary

4

elements of this claim.  Plaintiff's complaint alleges that Hot Toys violated his right of privacy by:  (1) unreasonable intrusion upon his seclusion; (2) placing him in a "false light before the public; and (3) misappropriating his likeness for financial gain.  *See* Complaint, ¶¶ 19-21.  Plaintiff, therefore, seeks relief under three of the four possible theories of a "right of privacy" violation recognized under West Virginia law.  *Crump*, 173 W. Va. at 713, 320 S.E.2d at 85 (stating that "in West Virginia, an 'invasion of privacy' includes (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public.").  Plaintiff has failed to state a cause of action under any of these theories.

First, Plaintiff has not properly alleged a violation of privacy by unreasonable intrusion.  Such a violation involves a "physical or sensory intrusion or an unauthorized prying into confidential personal records."  *Burgess v. Eforce Media, Inc.*, No. 1:07CV231, 2007 WL 3355369, at *8 (W.D.N.C. Nov. 9, 2007).  An invasion of privacy by intrusion "does not depend upon any publicity given to the person whose interest is invaded or to his affairs."  RESTATEMENT (SECOND) OF TORTS § 652B, cmt. b (1977).  Rather, this tort consists of activities such as physically invading a person's home or other private place, eavesdropping by wiretapping, peering through windows, prying into a bank account, or opening the personal mail of another.  *See id.*; *see also Burgess*, 2007 WL 3355369, at *8.  This tort clearly does not encompass the alleged act of designing an action figure based upon a pre-existing photograph that appears to have been taken outdoors in a public location.

Second, Plaintiff has failed to state a claim for a "false light" invasion of privacy.  The following elements are necessary for such a claim: (1) "the matter publicized as to the plaintiff

must be untrue" and (2) the publication must be "offensive to a reasonable person." *Crump*, 173 W. Va. at 715-716, 320 S.E.2d at 87. Here, Plaintiff does not allege falsity – nor could he. Additionally, Plaintiff fails to set forth any allegation regarding any offensive nature of the Action Figure.

Finally, Plaintiff has failed to state a claim for appropriation of likeness. Under West Virginia law, "[n]o one has the right to object merely because his name or appearance is brought before the public, since neither is in any way a private matter and both are open to public observation." *Crump*, 173 W. Va. at 714, 320 S.E.2d at 86. A claim for appropriation of likeness arises only where "publicity is given for the purpose of appropriating to the defendant's benefit *the commercial or other values associated with* the name or likeness." *Id.* (emphasis added). In *Crump*, the plaintiff's photograph was used to illustrate an article discussing women coal miners who had suffered abuse and discrimination. *See id.* The West Virginia Supreme Court of Appeals affirmed the dismissal of plaintiff's claim for appropriation of likeness, holding that plaintiff's "photograph was not published because it was *her* likeness, it was published because it was the likeness of a *woman coal miner*." *Id.*

Similarly, Plaintiff does not allege that he is a celebrity or a person with commercial value associated with his likeness. Here, even if Hot Toys used the Photograph as a model for the Action Figure, it would have done so because the Photograph was the likeness of a suitable member of the military, not because the Photograph was Plaintiff's likeness. Under *Crump*, this distinction is fatal to Plaintiff's claim. *See id.*

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) and Hot Toys should be awarded its attorney's fees incurred in defending this action.

                                              Respectfully submitted,

Dated: January 22, 2008                    DINSMORE & SHOHL LLP

                                              By:    /s/ Mychal Sommer Schulz
                                                     Mychal Sommer Schulz (WBSB# 6092)
                                                     Ashley Pack (WVSB# 10477)
                                                     900 Lee Street
                                                     Huntington Square, Suite 600
                                                     Charleston, WV 25301

                                              Of Counsel,

                                              DORSEY & WHITNEY LLP

                                              Marc S. Reiner
                                              Hannah Resnick
                                              250 Park Avenue
                                              New York, NY 10177
                                              (212) 415-9200

                                              Attorneys for Defendant
                                              Hot Toys, Ltd.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**ERIK CURRAN,**

    **Plaintiff,**

v.                                             **CIVIL ACTION NO. 2:07-cv-00354**

**AMAZON.COM, INC., GETTY
IMAGES, INC., ST. MARTIN'S
PRESS, LLC, SIDESHOW, INC.,
HOT TOYS, LTD., CAFÉ
PRESS.COM, INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Mychal S. Schulz, do hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOT TOYS, LTD.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** has been filed electronically via CM/ECF and notification will be provided to the following:

Charles M. Love, IV, Esquire
THE MASTERS LAW FIRM
181 Summers Street
Charleston, WV 25301
*Counsel for Plaintiff*

David A. Barnette, Esquire
W. Scott Evans, Esquire
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322-0553
*Counsel for Defendant, Amazon.com, Inc.*

Andrew B. Cooke, Esquire
Elizabeth L. Taylor, Esquire
FLAHERTY SENSABAUGH & BONASSO
P.O. Box 3843
Charleston, WV 25338-3848
*Counsel for Getty Images, Inc.*

Stephen M. Rummage, Esquire
DAVIS WRIGHT TREMAINE
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3405
*Counsel for Getty Images, Inc.*

David A. Barnette, Esquire
W. Scott Evans, Esquire
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322-0553
*Counsel for St. Martin's Press, LLC*

John H. Tinney, Esquire
John H. Tinney, Jr. Esquire
James K. Tinney, Esquire
THE TINNEY LAW FIRM
P.O. Box 3752
Charleston, WV 25337-3752
*Counsel for Defendant Café Press.Com, Inc.*

Ian C. Ballon, Esquire
Wendy M. Mantell, Esquire
GREENBERG TRAURIG
Suite 400E
2450 Colorado Avenue
Santa Monica, CA 90404
*Counsel for Café Press.Com, Inc.*

This the 22nd day of January, 2008.

/s/ Mychal Sommer Schulz