IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK CURRAN

  Plaintiff,

v.                                                    Civil Action No.  2:07-cv-354
                                                      (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

  Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT
HOT TOYS, LTD.'S MOTION TO DISMISS

`      Comes now the plaintiff, by counsel, in response to Hot Toys, Ltd.'s  motion to

dismiss the plaintiff's complaint.  The complaint sets forth claims recognized by West

Virginia law against Hot Toys, Ltd. (hereinafter "Hot Toys") and therefore Hot Toys

motion should be dismissed.

      Hot Toys brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  The defendant contends that the plaintiff fails to state a claim upon

which  relief  can  be  granted.   Hot  Toys  affirmatively  makes  knowing  and  false

representations to the Court about their use of Mr. Curran's image in marketing their "Devgru" products. (See Exhibit A, Amended Complaint, paragraph 11)  Hot Toys has informed the Court that any resemblance between the "Devgru 2.0" doll and Mr. Curran is coincidental.  What Hot Toys deliberately withheld from the Court is the use of Mr. Curran's photograph on the packaging of Devgru dolls.  (See Exhibit B) Certainly that fact wipes away any thoughts of veracity about Hot Toys "coincidence" claim. Such abuse of the Court by Hot Toys should at the very least garner the dismissal of their motion.

Aside from Hot Toys factual misrepresentations, Hot Toys' motion fails legally as well.  West Virginia recognizes claims for invasion of the right of publicity and invasion of the right of privacy.  No allegation has been made by Hot Toys that plaintiff has failed to allege a necessary element for the recognized claims.  As a result the defendant's review of the complaint and law is deficient and their motion should be denied.

I.      Facts

Erik Curran is and was at all relevant times a soldier in the West Virginia National Guard.  At some point a photograph was taken of him while deployed in a combat zone.  This photograph has now been used on books, t-shirts, to create dolls, to sell toys, and on the box containing the Devgru doll. ( See Exhibit B).

## II. Standard of Review

In the seminal case of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), the United States Supreme Court addressed the standard for reviewing challenges to the sufficiency of a complaint. The Court explained, in part:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. **The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice** of what the plaintiff's claim is and the grounds upon which it rests. . . . **Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues**. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. **The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**. . . .

<u>Conley</u>, 355 U.S. at 47-48 (emphases added; footnotes and citations omitted). <u>Accord</u> <u>American Chiropractic Ass'n v. Trigon Healthcare, Inc.</u>, 367 F.3d 212, 228-29 & 230 (4th Cir. 2004) ("this court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff . . ."; "`Federal "notice" pleading standards require that the complaint be read liberally in favor of the plaintiff'" (citations omitted)); <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff";

"In light of the standard of review, we traditionally have viewed even poorly drafted complaints in a light most favorable to the plaintiff"); <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989) ("Rogers' complaint, to say the least, was inartfully drafted and her attorney compounded that problem by failing to respond to Jefferson-Pilot's rule 12(b)(6) motion for dismissal.  In our view, however, a rule 12(b)(6) motion should be granted only in very limited circumstances.   The Supreme Court has explained that `[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" (citation omitted));  <u>Shaw v. Brown & Williamson Tobacco Corp.</u>, 973 F. Supp. 539, 543 (D.Md. 1997) ("Due to the severe impact of dismissals, the Court will grant Rule 12(b)(6) motions `only in very limited circumstances.' . . .  In reviewing the pleadings, the Court must accept all of the plaintiff's well-pleaded allegations as true, and must construe them in the light most favorable to the plaintiff. . . ." (citations omitted)); <u>In re North Carolina Technological Development Authority, Inc.</u>, 2007 WL 542405, at *1 (Bkrtcy.M.D.N.C. Feb. 16, 2007) ("`As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief.' . . .   The plaintiff's allegations are to be construed `liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading.'" (citations omitted)); <u>Browning v. Vecellio & Grogan, Inc.</u>, 945 F. Supp. 930, 931 (W.D.Va. 1996) (same).

The United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. at 45-46, also held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, in <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ____, 127 S.Ct. 1955, 1968-69 (May 21, 2007), the Supreme Court recently abrogated that portion of its holding in <u>Conley</u>. Believing that some lower courts and parties were construing such holding of <u>Conley</u> too literally, the Court reasoned:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . <u>Conley</u>, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1969 (citations and footnote omitted).

Addressing the proper standard of review, the Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>ibid.</u>; <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), <u>see</u>, <u>e.g.</u>, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338

(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1964-65 (citations and footnote omitted).

<u>See</u> <u>also</u> <u>Barr-Hairston v. U.S.</u>, 2007 WL 1574525, at * 1 (W.D.Va. 2007).

III.   <u>Discussion</u>

The State of West Virginia recognizes invasion of the right of publicity claims and invasion of the right of privacy claims. <u>Crump v. Beckley Newspapers, Inc.</u>, 320 SE.2d 70, 85—86 (W.Va. 1984)  Hot Toys has chosen to frame its motion as a 12(b)(6) motion. In light of the acceptance by West Virginia courts of plaintiff's claims, Hot Toys' motion should be denied.

<u>Invasion of the Right of Publicity</u>

The plaintiff will first address the invasion of the right of publicity claim.  Hot Toys feels and claims that plaintiff's claim for invasion of the right of publicity fails as a matter of law because Mr. Curran is not a public figure.  Hot Toys, however, ignores and fails to inform the Court that soldiers have been held to be public figures.

Prosser states:[1]

A public figure has been defined as a person who, by his accomplishments, fame, or mode of living, or by adopting a profession or calling which gives the public a legitimate interest in his doings, his affairs, and his character, has become a 'public personage.'  He is, in other words, a celebrity.  Obviously to be included in this category are those who have achieved some degree of reputation by appearing before the public, as in the case of an actor, a professional baseball player,  a pugilist,

---

[1] Prosser's writings are the foundation for the West Virginia Supreme Court holdings in <u>Crump</u>.

or any other entertainer. The list is, however, broader than this. **It includes . . . even ordinary soldiers. . .** It includes, in short, anyone who has arrived at a position where public attention is focused upon him as a person.

Prosser and Keeton on Torts, 5th edition, (1984) §117 at 860. See also Continental Optical Co. v. Reed, 86 N.E.2d 306 (Ind. 1949). (The court recognized that a soldier has a legal right to recover where his photo is used to advertise a product or service.) and Tellado v. Time Life Books, Inc., 643 F.Supp 940 (D.N.J. 1986)

Tellado is a case where a Vietnam veteran brought suit for the defendant's unauthorized use of his picture in advertising a series of books about the Vietnam War. The Tellado court held that a publisher could be inferred to have misappropriated likeness for a predominately commercial purpose, where it had used a photograph of a soldier in Vietnam without payment or release in advertisement for a book series on Vietnam but not in the books themselves. The Tellado court also found a soldier to be a public figure. Id at 909.

Here the plaintiff through the time and service he has committed to defending our nation has created goodwill and reputation. It is insulting that Hot Toys does not recognize this fact and asserts such a defense to avoid compensating Mr. Curran for its financial gain.

While the plaintiff agrees that the complaint does not specifically state that Mr. Curran is a public figure, in this case Hot Toys is attempting to sell Devgru dolls by using packaging featuring Erik Curran for the predominately commercial purpose to advertise the dolls and by manufacturing a doll in Mr. Curran's image for sale. Mr.

Curran is a public figure and not specifically stating that he is a public figure should not defeat Mr. Curran's claim. It is clear from Hot Toys' motion that Hot Toys understands and has notice of the plaintiff's claim. If the court finds it necessary the plaintiff may amend his complaint to specifically state that he is a public figure.[2] Mr. Curran never gave his consent to any party that they may use his photo or image for advertising or any other purpose. The defendant's argument is meritless and its motion should be denied.

Invasion of Privacy

The plaintiff now turns to Hot Toys' feeling that it should be dismissed based on Hot Toys' belief that they did not misappropriate Mr. Curran's likeness for financial gain. The plaintiff also alleges intentional, grossly negligent, reckless and unauthorized appropriation of Mr. Curran's image, likeness and photograph. (See paragraph 17 of plaintiff's complaint.) In this case Hot Toys makes a conclusory assumption that the use of Mr. Curran's photo is permissible because it is used for public interest purposes rather than advertising. This, however, fails to recognize that Mr. Curran's photo is used to advertise toys for sale and that his likeness was manufactured into a toy. All of this effort by Hot Toys was done for a commercial purpose. Mr. Curran's consent was never obtained for any of the commercial activity by Hot Toys.

Hot Toys cites Crump for the purpose of trying to escape their liability to Mr. Curran. Hot Toys reliance on Crump is misplaced. The facts of this case are

---

[2] The crux of the defendant's motion is not that the complaint did not give appropriate notice of what the claim is but that the defendant does not believe that Mr. Curran is a public figure.

distinguishable from those in <u>Crump</u> for a number of reasons. First, the photo in <u>Crump</u> was within the body of a newspaper story not on a commercial product. Secondly, the plaintiff in <u>Crump</u> had given permission to the defendant to use the photograph before. Thirdly, the use of Crump's photo within the body of the newspaper article was not for a predominately commercial purpose.

In this case, Mr. Curran's photo was chosen by Hot Toys to sell dolls, and use of the photo to produce, sell and market the Devgru dolls is a predominately commercial use of Mr. Curran's likeness, image and photograph.

Like the claim for misappropriation of likeness, the defendant's motion to dismiss plaintiff's other right of privacy claims does not state that the plaintiff has not stated a claim but that Hot Toys asserts its own factual conclusions.

There is a genuine factual issue, at the very least, that the packaging of the Devgru dolls and production of the dolls for sale is a commercial purpose for which Hot Toys has been unjustly enriched. Moreover, in a time of war with the terrorist threat within our borders, the defendants hold Mr. Curran out as the premier, elite soldier for the United States. This makes him a target and places him and his family in jeopardy, all to the financial benefit of the defendants.

Hot Toys accepts that West Virginia recognizes the causes of action asserted by the plaintiff but attempts to convince the court that the plaintiff cannot prevail based on <u>factual</u> conclusions asserted by the defendant. The law requires that all plaintiffs' allegations are to be assumed true.

The plaintiff requests that the Court deny Hot Toys' motion to dismiss and allow discovery to go forward on these issues. Alternatively, the plaintiff requests that the Court allow the plaintiff to amend his complaint to give a clearer statement of his claims. The plaintiff requests all other relief the Court deems just and appropriate.

ERIK CURRAN

By Counsel

**s/Charles M. Love, IV**
Marvin W. Masters, Esquire
West Virginia State Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiff
F:\5\725\B003.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ERIK CURRAN

        Plaintiff,

v.                                        Civil Action No.  2:07-cv-354
                                            (Honorable John T. Copenhaver)

AMAZON.COM, INC.,
a Delaware corporation;
GETTY IMAGES, INC.,
a Delaware corporation;
ST. MARTIN'S PRESS, LLC,
a New York corporation;
SIDESHOW INC., d/b/a SIDESHOW
COLLECTIBLES, a Delaware  corporation
HOT TOYS, LTD., a business entity
incorporated in  Hong Kong;  and
CAFÉ PRESS.COM, INC. a Delaware
corporation,

        Defendants.

## CERTIFICATE OF SERVICE

I, Charles M. Love, IV, do hereby certify that true and exact copies of "Plaintiff's

Response To Defendant Hot Toys' Motion To Dismiss"  were served upon:

        John H. Tinney, Esquire
        The Tinney Law Firm, PLLC
        Bank One Center, 14th Floor
        7097 Virginia Street, East
        Charleston, West Virginia 25301
        Counsel for CafePress.com

        David A. Barnette, Esquire
        Jackson & Kelly
        1600 Laidley Tower
        Post Office Box 553
        Charleston, West Virginia 25322
        Counsel for Amazon.com and St. Martin's Press

Andrew B. Cooke, Esquire
Elizabeth L. Taylor, Esquire
Flaherty Sensabaugh & Bonasson
Post Office Box 3843
Charleston, West Virginia  25338-3843
Counsel for Getty Images, Inc.

Mychal S. Schulz
Dinsmore & Shohl, LLP
900 Lee Street, Huntington Sq., Ste. 600 (25301)
Post Office Box 11887
Charleston, West Virginia 25339-1887
Counsel for Hot Toys, Ltd.

via electronic filing this 6th day of February, 2008; and upon:

Ian C. Ballon, Esquire
Wendy M. Mantell, Esquire
GREENBERG TRAURIG
Suite 400E
2450 Colorado Avenue
Santa Monica, California 90404
Counsel for CafePress.com

in envelopes properly addressed, stamped and deposited in the regular course of the

United States Mail this 6th day of February, 2008.

**s/Charles M. Love, IV**
Charles M. Love, IV, Esquire
West Virginia State Bar No.  7477